STATE ex rel. RYAN vs. BOYD.

*Sec. 12, Art. IV, Constitution of Wisconsin.*

Section 12, Art. IV, of the constitution of this state (which provides that "no member of the legislature shall, during the term for which he was elected, be appointed or elected to any civil office in the state which *shall have been* created, or the emoluments of which *shall have been* increased during the term for which he was elected") does not disqualify a member of the legislature for holding a civil office which was created, or whose emoluments were increased, during his legislative term, but *after* his appointment or election to said civil office.

*QUO WARRANTO. Boyd* was appointed county judge of Outagamie county in March, 1865, to fill an unexpired term; and by virtue of that appointment was entitled to hold the office until January 1, 1866, and until his successor was elected and qualified. At an election for that office in April, 1865, *Ryan* received a majority of the votes, and was declared duly elected, and received the certificate of election, and qualified in due time; but *Boyd* refused to deliver up the books, papers, &c., of the office, alleging that *Ryan* was ineligible to the office, under sec 12, Art. IV of the constitution of this state. The facts set up in his answer to the relation herein, are stated in the opinion. *Ryan* demurred to the answer.

*Geo. B. Smith*, for demurrant.

*S. U. Pinney, contra.*

COLE, J. We are of opinion that the demurrer must be sustained. The matters relied on in the answer for excluding the relator from the office of county judge of Outagamie county, are the following facts: That for and during the year 1865, the relator was a member of the legislature of this state; that on the 4th of April of that year, he was a candidate for the office of county judge, and received a majority of the votes cast at the election on that day for said office, but that he is disqualified from holding the office because the emoluments of the same were increased while he was a member of the legislature. The law by which the emoluments of the office were increased, is chap. 491, Laws of 1865, entitled "An act to confer jurisdiction on the county court of Outagamie county," approved April 10th, 1865, and published May 9th, 1865, going into operation on the last mentioned day. The 20th section of that act provided, that the county judge should receive a salary of $500 per annum, to be paid quarterly out of the county treasury, for performing the duties conferred upon the county court by the act. This amount is in addition to

the fees which the county judge before received, and therefore it is averred in the answer, "that the said relator is disqualified and barred from holding said office of county judge, and exercising the duties or enjoying the emoluments or franchises thereof, by reason of section twelve, article four of the constitution of the state of Wisconsin." This provision of the constitution reads as follows: "No member of the legislature shall, during the term for which he was elected, be appointed or elected to any civil office in the state which shall have been created, or the emoluments of which shall have been increased, during the term for which he was elected."

It is not contended on behalf of the respondent, that the disqualification created by this provision is anything more than a temporary one only, forbidding the election or appointment of members of the legislature to offices created or rendered more lucrative by themselves, during the term for which they were elected such members. Mr. Justice STORY, in commenting upon a kindred provision in the constitution of the United States, says: "The reasons for excluding persons from offices who have been concerned in creating them, or increasing their emoluments, are to take away, as far as possible, any improper bias in the vote of the representative, and to secure to the constituents some solemn pledge of his disinterestedness. The actual provision, however, does not go the extent of the principle; for his appointment is restricted only during the time for which he was elected, thus leaving in full force every influence upon his mind, if the period of his election is short, or the duration of it is approaching its natural termination." Story's Comm. on Const., § 864. The learned author adds, that while it has sometimes been a matter of regret that the disqualification has not been made co-extensive with the supposed mischief, and thus have forever excluded members from the possession of offices created or rendered more lucrative by themselves,

yet that perhaps there is quite as much wisdom in leaving the provision where it now is. These remarks are quite applicable to the clause of our state constitution above cited; since an examination of it will clearly show that the disqualification thereby created is not permanent, but only temporary, continuing for the time the person is a member of the legislature. In the present case, moreover, the relator was elected to an office existing previously to his being chosen a member of the legislature. The emoluments of the office had not been increased when he was elected to it, but were increased by a subsequent enactment. It is true, the increase of the emoluments of the office was during the time the relator was a member of the legislature, but subsequent to his election to the office of county judge. Does such a case come within the prohibition of the constitution? It is not within the language of the provision, according to its most natural gramatical construction. That only forbids a member of the legislature, while such member, from being appointed or elected to any civil office which *shall have been previously created, or the emoluments of which shall have been previously increased,* during the term for which he was elected. When a new office is created, or the emoluments of an old one increased, while a person is a member of the legislature, such person cannot, during the time for which he was elected, be appointed or elected to the office he has had an agency in creating or rendering more profitable. But the creation of the new office, or increase in the emoluments of an old one, must have taken place prior to the appointment or election of the member to such new office or existing one, to bring the case within the prohibition. The future perfect tense is used—an office "*which shall have been created,* or the emoluments of which *shall have been increased,*" &c.—indicating a future action done and completed before the appointment or election, the other future action to which it refers. I confess that this construction is not the one I was at first disposed to

place upon the provision, and it gives the clause a much more limited scope than it seemed to me it ought to have.   It seemed to me that the purity and fidelity of the representative, as well as the public interest, would be most effectually secured by excluding those persons from office who had been concerned in creating it or rendering it more lucrative.   But the authors of the constitution did not deem it expedient to adopt such a rule of disqualification, and a much more restricted one has found its place in that instrument.   For these reasons we think the demurrer well taken.

*By the Court.*—The demurrer is sustained.