## STATE v. WILLIAM APPLE.

*Indictment for Assault and Battery—Trial—Evidence—Witnesses—Instructions—Cruel and Unusual Punishment.*

1. Error in the admission of incompetent testimony is cured by its subsequent withdrawal and a direction to the jury that they must neither consider it nor give it any weight in making up their verdict.

2. A party who elicits an unfavorable answer to a question on cross-examination cannot object to such answer.

3. An instruction to the jury on the trial of an indictment that they should scrutinize closely the testimony of the father and mother of defendant on account of the relationship but that, if their testimony was believed, it should have as much weight as that of other witnesses, was proper.

4. A sentence to two years imprisonment and working on the roads is not "cruel and unusual" punishment for an unjustifiable and outrageous assault combined with robbery.

INDICTMENT for assault, tried before *Adams, J.*, and a jury at August Term, 1897, of GUILFORD Superior Court. The defendant was convicted and sentenced to jail for two years to be worked on the public roads of the County and from this judgment the defendant appealed.

*Mr. Zeb V. Walser, Attorney General*, for the State.
No counsel *contra.*

FURCHES, J.: Indictment for assault and battery. The evidence tended to show that the defendant and two others assaulted the prosecuting witness while on his way home from Greensboro; that the prosecuting witness was 77 years old and was traveling in his wagon, when he was attacked by the defendant and the other two men; that they came out of the bushes on the side of the road and demanded his whiskey; that they beat him until he was unconscious, and when he came to consciousness again, a pint of whiskey and $2.50 he had when they attacked him were gone; that

STATE *v.* APPLE.

he was laid up for a month from the injuries he received from the defendant and those with him in making this assault. James Green, a witness for the State, was asked if he had ever heard defendant make threats against the prosecuting witness Holt. This evidence was objected to but allowed, and defendant excepted, and the witness said he had. But it was afterwards withdrawn, and the Court charged the jury that they must not consider it in making up their verdict. If this was error, it seems to us that it was cured by being withdrawn, and by the charge of the Court.

The State introduced one Reese as a witness, who testified that he knew the general character of Mrs. Bugsby, a witness introduced by the defendant, and that it was bad. The defendant on cross-examination asked him what it was bad for, and he answered that "she kept a bawdy house." Defendant objected and excepted to this.

We fail to see the force of this exception. It was his own evidence. If the defendant goes fishing in the State's waters he must take such fish as he catches.

The father and mother of the defendant were introduced as witnesses for him, and the Court charged the jury that it was their duty to scrutinize this testimony, as the witnesses were nearly related to the defendant, but they could not reject it on that account, and that, after thus scrutinizing their testimony, if they believed they had sworn the truth, they should give it the same weight as if they were not related to the defendant. This ruling has been sustained so often by this Court that we hardly feel called upon to cite authority. *State* v. *Boon*, 82 N. C., 637; *State* v. *Holloway*, 117 N. C., 730; *State* v. *Collins*, 118 N. C., 1203.

The defendant objects and excepts to the judgment of the Court, as being cruel and unusual and, therefore, unconsti-

121—74

tutional. Constitution, Article I, Section 14. But it does not seem to us that two years imprisonment, to be worked on the roads, for such an assault as this, (accompanied with robbery,) is cruel or unconstitutional. *State* v. *Pettie*, 80 N. C., 367; *State* v. *Miller*, 94 N. C., 904. It may be, as it appears to us from the evidence, that the defendant was guilty of a higher offence than that of assault and battery.

Affirmed.