STATE *v.* G. CONSTANTINO.

October Term, 1903.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed January 26, 1904.

*Intoxicating Liquor—No. 90, Acts 1902—Selling and Keeping for Sale, Without a License—Penalty—Constitutional—Complaint—Sufficiency—Construction.*

The minimum fine of $300, imposed by No. 90, § 68, Acts 1902, for selling, or keeping for sale, intoxicating liquor, without a license, is not so disproportionate to the offense as to justify the Court in questioning the action of the Legislature in prescribing it.

Section 68, No. 90, Acts 1902, is not unconstitutional because it fixes no maximum fine.

In a complaint, charging the respondent with furnishing, selling, and exposing for sale, intoxicating liquor, without authority, and without having a license therefor in force, the negation of a license covers all the acts complained of.

Such complaint is not founded upon the theory that two licenses are necessary. And though it be inferred that respondent had a license at some time, which had expired leaving him with the liquor on hand, it can not be further inferred that he was keeping liquor for sale when his license should again come into force.

COMPLAINT for selling, and keeping for sale, intoxicating liquor, without a license. Heard on general demurrer to the complaint, at the June Term, 1903, Caledonia County, *Stafford*, J., presiding. Demurrer overruled, and complaint adjudged sufficient. The respondent excepted.

The complaint contains twenty-four counts. Twenty-three of the counts are the same, except the date of the offense charged. Each of said twenty-three counts charges that the respondent "at Hardwick in the County of Caledonia, did sell, furnish and expose for sale, intoxicating liquor, without authority, and without having a license therefor in force, contrary to the form and effect of the statute," etc.

The other count charges that the respondent, "at Hardwick in the County of Caledonia, did expose and keep for sale intoxicating liquors, without authority, and without having a license therefor, contrary to the form," etc.

*Taylor & Dutton* for the respondent.

Chapter II, § 32, of the Constitution of Vermont, provides "All fines shall be proportioned to the offenses." In order to accomplish this the Legislature must fix a maximum and a minimum penalty, and give the judicial department

discretion between these limits. *State* v. *O'Neil*, 58 Vt. 140; *Gregory* v. *State*, 94 Ind. 384; Ency. Law, Vol. 5, p. 90.

This discretion is a judicial function. It is for the Legislature to make the laws, but it is for the judiciary to interpret and *apply* them. Cooley on Const. Lim. p. 109, 110; *Merrill* v. *Sherburn*, 1 N. H. 199, 8 Am. Dec. 52.

*M. G. Morse*, State's Attorney, for the State.

The prohibition in the U. S. Constitution, against excessive fines, does not apply to the states. Am. & Eng. Ency. of Law, Vol. 13, p. 60 (2 Ed.); Cent. Dig. Vol. 15; *State* v. *Hodgson*, 66 Vt. 134. The statute is not unconstitutional because it does not prescribe a maximum limit to the fine. Cent. Dig. Vol. 15, Column 1088, § 3305; Am. & Eng. Ency. Law, (2 Ed.) Vol. 13, p. 62; *Freese* v. *State*, 23 Fla. 267; *In Re Yell*, 107 Mich. 228; *Martin* v. *Johnson*, 11 Tex. App. 628; *Southern Ex. Co.* v. *Com.* 92 Va. 59; *State* v. *Fackler*, 91 Wis. 418; *Com.* v. *Murphy*, 165 Mass. 66.

No specific defect in the complaint having been pointed out in county court, that question is not here. *State* v. *Preston*, 48 Vt. 12.

The offense is set out in the words of the statute. This is sufficient. *State* v. *Daley*, 41 Vt. 564; *State* v. *Cook*, 38 Vt. 437; *State* v. *Jones*, 33 Vt. 443; *State* v. *Mathews*, 42 Vt. 542; *State* v. *Clark*, 44 Vt. 636; *State* v. *Benjamin*, 49 Vt. 101; *State* v. *Higgins*, 53 Vt. 198; *State* v. *Miller*, 60 Vt. 90; *State* v. *Campbell* and note, 94 Am. Dec. 251; *Com.* v. *Smith*, 116 Mass. 140; *People* v. *Clements*, 26 N. Y. 193.

It is not necessary to name the person to whom the sale was made, or to state the kind of liquor sold. *Com.* v. *Conant*, 6 Gray 482; *State* v. *Blaisdell*, 33 N. H. 388; *Plunkett* v. *State*, 69 Ind. 69; *State* v. *Munger*, 15 Vt. 290; *People* v. *Adams*, 17 Wend. 475; *Green* v. *People*, 21 Ill. 125.

As to negation of license, see *State* v. *Munger,* 15 Vt. 290, and note in Annot. Ed.

ROWELL, C. J.   This is the complaint founded on sec. 68, No. 90, Acts of 1902, for furnishing, selling, and exposing for sale, intoxicating liquor without authority, and without having a license therefor in force; and for exposing and keeping for sale intoxicating liquor without authority, and without having a license therefor in force.   The sanction of the section is a fine of not less than three hundred dollars, or imprisonment for not less than three nor more than twelve months, or both.

The respondent demurs, and objects that said section is unconstitutional, for that the Legislature attempts therein to exercise judicial power, and for that it provides for a fine not proportioned to the offense, fixes no maximum fine, prescribes an excessive minimum fine, and thereby virtually compels the court to require excessive bail.

The claim that it is an attempt on the part of the Legislature to exercise judicial power, is based upon the idea that it is for the courts, under the Constitution, to proportion fines to the offenses, and consequently that the Legislature cannot fix a definite and certain sum as a fine, leaving no discretion in the courts to reduce that sum to meet the circumstances of the concrete case.   Counsel go so far as to claim that the minimum fine must in all cases be fixed by the Legislature at a nominal sum, otherwise the judicial power is trenched upon.

But the constitutional provision that fines shall be proportioned to the offenses is addressed to the Legislature as well as to the courts.   The Legislature has the right to prescribe fines, and especially for the punishment of offenses that it creates, and to its judgment and discretion in this behalf

a wide latitude must necessarily be accorded. Fines are to be fixed with reference to the object they are designed to accomplish. The degree of criminality of the offense, the illegality or impolicy of the act intended to be punished or prevented, are elements that must be considered. The peace of the State and the welfare of community often require the Legislature to create new offenses and to prescribe fines for their punishment, and to alter fines already prescribed. In performing this duty the Legislature has no guide but its judgment and discretion and the wisdom of experience, and the courts cannot properly question its action, unless the minimum fine is so large as to be clearly out of all just proportion to the offense. 13 Am. & Eng. Ency. Law, 2d Ed. 60; *Southern Express Co.* v. *Walker,* 92 Va. 59; *State* v. *Rodman,* 58 Minn. 393, 402; *Commonwealth* v. *Murphy,* 165 Mass. 66.

Considering the character of the business, and the ease with which the unlawful traffic in intoxicating liquor can be carried on, we think the minimum fine here objected to is not so disproportionate to the offense as to justify the court in questioning the action of the Legislature in prescribing it.

In *Freese* v. *Florida,* 23 Fla. 267, a fine of not less than $600 for selling liquor without a license, with no maximum, was held not to be excessive. So in Ex parte *Swann,* 96 Mo. 44, a minimum of $300 for a similar offense was held not to be excessive.

Nor is the section unconstitutional because it fixes no maximum fine. This has been often ruled in other jurisdictions. 13 Am. & Eng. Ency. Law, 2d Ed. 62; *Southern Express Co.* v. *Walker,* 92 Va. 59; *Frese* v. *Florida,* 23 Fla. 267; *In re Yell,* 107 Mich. 228; *State* v. *Fackler,* 91 Wis. 418; *Martin* v. *Johnson,* 11 Texas Civil App. 628.

Whether a fine beyond the minimum can be imposed by the court, we express no opinion, as the question is not raised.

It is further objected that the respondent is not charged with not having a license in force for selling, but only with not having one in force for keeping for sale. But the negation of a license clearly covers all the acts complained of.

Nor does the complaint proceed upon the theory that two licenses are necessary; one for selling and one for keeping for sale. And suppose the fair inference from the complaint is, as claimed, that the respondent had a license in force at some time, which, for some reason, lost its force, and left him with the liquor in question on hand, it cannot be further inferred, as claimed, that he was keeping the liquor for sale when his license should again come in force, for the allegation is that he did the things complained when he had no license in force.

*Affirmed and remanded.*