### Ex parte EURICK.

No. 21211. Opinion Filed May 27, 1930.

O. H. Whitt, for petitioner.

HEFNER, J. This is an application for a writ of habeas corpus by Jack Eurick, the petitioner, who was charged in the district court of Hughes county with the crime of possession of narcotics and on the 27th day of April, 1927, entered a plea of guilty and a fine of $5,000 was assessed against him by the district judge and costs in the sum of $50. In default of payment of the fine he was sentenced to serve in the state penitentiary and was allowed $1 per day as a credit on his fine for each day served in the penitentiary.

It is contended by petitioner that the state has no power or authority under the law to hold him in the penitentiary to serve one day for each one dollar of fine and costs taxed against him, and that he is unlawfully restrained of his liberty.

This identical question was before the Criminal Court of Appeals in the case of Ex parte McCoy, 281 Pac. 813. There it was said:

"When a judgment in a criminal action imposes confinement in the state penitentiary and in addition thereto a fine and costs, the fine and costs may, at the termination of the confinement specified, be imposed by further imprisonment until paid or satisfied at the rate of $1 per day."

Here the Criminal Court of Appeals clearly holds that in accordance with the act of the Legislature of 1913 (Laws 1913, c. 112), a person may be imprisoned until the fine assessed is paid or satisfied at the rate of $1 per day. We follow that holding.

The constitutionality of the act of 1913 is called to our attention. In the McCoy Case the constitutionality of the act was passed upon by the Criminal Court of Appeals. When that court has passed upon the constitutionality of an act involving a statute relating to crime, this court will follow the construction placed thereon by the Criminal Court of Appeals, unless it clearly appears that the act is unconstitutional. In this case it does not clearly appear that the act is unconstitutional, and we will therefore follow the construction placed thereon by the Criminal Court of Appeals and hold that it is constitutional. The writ is denied.

LESTER, V. C. J., and CLARK, RILEY, and CULLISON, JJ., concur. SWINDALL, J., not participating. MASON, C. J., and HUNT and ANDREWS, JJ., absent.

Note.—See under (1) 8 R. C. L. p. 269; R. C. L. Perm. Supp. p. 2237. See "Fines, Forfeitures and Penalties," 25 C. J. §21, p. 1159, n. 68.