## GRAGG v. DUDLEY et al.

No. 21305. Opinion Filed June 3, 1930.

E. H. Bond, for plaintiff in error.

Thos. H. Owen, Ned Looney, and Paul Lindsey, for defendant in error C. S. Storms.

J. Berry King, Atty. Gen., and W. C. Lewis, Asst. Atty. Gen., for defendants in error State Election Board and State Board of Affairs.

Bruce L. Keenan, amicus curiae.

CLARK, J. Plaintiff in error was plaintiff below and defendants in error were defendants below. The parties will be referred to as plaintiff and defendants. Plaintiff brought this suit in the district court of Oklahoma county, seeking injunctive relief against members of the State Board of Affairs, State Election Board of Oklahoma, and C. S. Storms, and to enjoin the State Election Board and State Board of Affairs from placing the name of C. S. Storms on the Democratic ticket as candidate before the primary election, seeking the nomination of the Democratic party for the office of Lieutenant Governor.

Said cause was submitted to the trial court on an agreed statement of facts, wherein it was agreed that Ray Gragg, as plaintiff, was a bona fide resident and taxpayer of Stephens county, Okla.; and that C. E. Dudley, John R. Williams, and Roy Coppock are the duly appointed and acting members of the State Board of Affairs, and that John E. Luttrell, N. D. Welty, and Cleon Summers constitute and are acting as the State Election Board of the state of Oklahoma. That the defendant C. S. Storms is and has been for several years a resident and qualified elector of Jefferson county, Okla., and the said C. S. Storms has heretofore declared his intention to be a candidate for nomination and election to the office of Lieutenant Governor in the primary election to be held on the 29th day of July, 1930, and the general election, if he receives the nomination, to be held on the 11th day of November, 1930; and that defendant Storms has filed with the State Election Board his written declaration and application requesting that his name be printed upon the official ballot as a candidate, subject to the Democratic primary, and that such application has been received by the State Election Board, and such board is about to direct the Board of Affairs to print the name of C. S. Storms upon the official ballot as a candidate for Lieutenant Governor, to be voted upon at the Democratic primary, and that the Board of Affairs will print or cause to be printed the name of said C. S. Storms on said ballot unless enjoined from so doing.

It is further agreed that C. S. Storms was elected as a member of the State Senate from the Seventeenth senatorial district for a term of four years beginning 15 days after the general election held in November, 1926, and that he was the regularly acting member of the Senate from said district during the entire session of the Twelfth Legislature, at which session the salary of the Governor of the state of Oklahoma was increased by the terms and under the provisions of chapter 273, Session Laws 1929, and that to be eligible to election and to serve as Lieutenant Governor he must possess the same qualifications as required under the law to be elected and to serve as Governor.

Plaintiff asks that the defendants be en-

joined from placing the name of C. S. Storms on the ballot as candidate for Lieutenant Governor. The defendant C. S. Storms prays that he be adjudged eligible to election and to serve as Lieutenant Governor, and that plaintiff's application for an injunction be denied.

The court found, as a matter of law, that the defendant C. S. Storms was elected as a member of the State Senate from the Seventeenth senatorial district for a term of four years beginning 15 days after the general election held in November, 1926, and that said C. S. Storms qualified as such member of the State Senate and served as a member of the Twelfth Legislature, at which session the Legislature increased the salary of the Governor of the state of Oklahoma, under the terms and provisions of chapter 273 of Session Laws 1929, but did not increase the salary of the Lieutenant Governor.

The court further finds from the agreed statement of facts, and concludes as a matter of law, that the term which the said C. S. Storms was elected for the said State Senate will expire 15 days after the election to be held on the 11th day of November, 1930.

The court further finds, and concludes as a matter of law, that the term of the Lieutenant Governor begins on the second Monday of January, next after his election, and that a candidate for Lieutenant Governor, appearing on the official ballot in the regular election to be held on the 11th day of November, 1930, will not be elected until the returns of that election are canvassed and the result declared by the Legislature, convening on the first Tuesday after the first Monday in January succeeding the general election, as provided in section 5 of article 6 of the Constitution. The court denied plaintiff's application for an injunction and dismissed plaintiff's action, to which action of the court plaintiff excepted, and the cause was brought here for review.

Section 23 of article 5 of the Constitution of Oklahoma is in part as follows:

"No member of the Legislature shall, during the term for which he was elected, be appointed or elected to any office or commission in the state which shall have been created, or the emoluments of which shall have been increased, during his term of office, nor shall any member receive any appointment from the Governor, the Governor and Senate, or from the Legislature, during the term for which he shall have been elected. * * *"

The record discloses that defendant Storms was elected at the November election in 1926, to serve a term of four years.

Section 9 of article 5 of the Constitution of Oklahoma provides in part as follows:

"The Senate, except as hereinafter provided, shall consist of not more than 44 members, whose term of office shall be four years: Provided, That one senator elected at the first election from each even-numbered district shall hold office until the 15th day succeeding the regular state election in 1908, and one elected from each odd-numbered district at said first election shall hold office until the 15th day succeeding the day of the regular state election in 1910. * * * "

This section of the Constitution was construed by this court in the case of Coyle v. Smith, 28 Okla. 121, 113 Pac. 994; the court in the second paragraph of the syllabus said:

"The legislative body, as convoked and constituted at an extraordinary session, assembled more than 15 days after the date of the regular state election held throughout the state in November, 1910, the House of Representatives being composed of the members elected at said election, and the Senate in part by the members elected at said election: Held, that said body was legally constituted."

Following this construction, the term of four years for which C. S. Storms was elected to the Senate from the Seventh senatorial district of the state of Oklahoma will expire on the 15th day succeeding the day of the regular state election throughout the state of Oklahoma in November, 1930.

Having determined that the office of a State Senator who was elected in November, 1926, for a term of four years, will expire in November, 1930, the next question presented in this cause is, When is a Lieutenant Governor elected to office?

Section 26 of article 5 of the Constitution of Oklahoma reads as follows:

"The members of the Legislature shall meet at the seat of government on the first Tuesday after the first Monday in January at twelve o'clock, noon, in the year next succeeding their election, or upon such other day as may be provided by law."

Section 5 of article 6 of the Constitution of Oklahoma is as follows:

"The returns of every election for all elective state officers shall be sealed up and transmitted by the returning officers to the Secretary of State, directed to the Speaker of the House of Representatives, who shall, immediately after the organization of the

House, and before proceeding to other business, open and publish the same in the presence of a majority of each branch of the Legislature, who shall for that purpose assemble in the hall of the House of Representatives. The persons respectively having the highest number of votes for either of said offices shall be declared duly elected; but in case two or more shall have an equal and the highest number of votes for either of said offices, the Legislature shall, forthwith, by joint ballot, choose one of the said persons so having an equal and the highest number of votes for said office."

Under section 26 of article 5 and section 5 of article 6, supra, the Legislature will convene at the State Capitol on the first Tuesday after the first Monday in January, 1931, and on that day and date declare the result of the election held in November, 1930.

Section 116, vol. 9, R. C. L. p. 1113, reads in part as follows:

"An election is a process which includes registration, nomination, the voting and the manner in which the votes are to be counted and the result made known. Each of these steps must be taken in pursuance of the law existing at the time the election is had. The declaration of the result is an indispensable adjunct of what the choice is and by which the person elected can know that he is entitled to the office. * * * "

In Payne on the Law of Elections, at page 527, it is said:

"Until the result is determined and declared, either in the manner so prescribed, or by the adjudication of a tribunal of competent jurisdiction, the election is not complete; and the candidate is not entitled to assume the office."

In the case of Goff v. Wilson (W. Va.) 9 S. E. 26, the court construing the West Virginia Constitution, similar to section 5 of article 6 of our Constitution, held the declaration of the result was an essential part of the election, and until the Legislature declared the result the election was not complete.

In the case of Carr v. Wilson, 9 S. E. 31, the Supreme Court of Appeals of West Virginia, in the fourth paragraph of the syllabus, said:

"A declaration of election to the office of Governor, as provided for by section 3, art. 7, of the Constitution, is indispensable to perfect and consummate the title to that office."

In the case of People v. Crissey, 91 N. Y. 616, the Court of Appeals of New York said:

" * * * The Legislature can provide for the manner in which the result of an election shall be determined and declared, and their enactment is binding; that the power to declare the result must be lodged somewhere, and that where the mode of so doing is commanded, until it is obeyed and such acts are done, the election is not complete and the candidate not qualified to serve."

We are of the opinion that a candidate for Lieutenant Governor before the primary and general election in this state for the year 1930, is not elected, that is, the election does not become complete, until the members of the Legislature meet on the first Tuesday after the first Monday in January, 1931, and declare those receiving the highest number of votes elected. The defendant C. S. Storms would not be elected until the final result is declared by the Legislature. He, therefore, would not be elected to office during the term for which he was elected State Senator. That term, under the Constitution, expires 15 days after the general election in 1930.

The agreed statement of facts further shows that the salary of the Lieutenant Governor was not increased by the Legislature of which C. S. Storms was a member. It is contended by plaintiff in error that the mere contingency that Storms may become Governor or that the qualifications of Lieutenant Governor being the same as that of Governor, that Storms would be prohibited from being a candidate for Governor, and the same qualifications applying to Lieutenant Governor as that of Governor, that he could not become a candidate for Lieutenant Governor.

Having decided that the defendant Storms would not be elected Lieutenant Governor, and that his election would not be complete during the term for which he was elected Senator, it is unnecessary to pass on this contention.

However, we deem it proper to say that the constitutional provision declaring a member of the Legislature ineligible to hold office should and will be strictly construed by this court and not extended beyond the office expressed in the Constitution, by implication. We, therefore, are of the opinion that, under the record in this case, Mr. C. S. Storms is not prohibited by the Constitution and laws of this state from becoming a candidate for Lieutenant Governor. The judgment of the trial court is correct, and the same is affirmed.

LESTER, V. C. J., and HUNT, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., absent.

Note.—See under (4) 9 R. C. L. p. 1113; R. C. L. Perm. Supp. p. 2597. See "Elections," 20 C. J. §1, p. 55, n. 12; §238, p. 191, n. 46. "Officers," 46 C. J. §44, p. 941, n. 86. "States," 36 Cyc. p. 860, n. 37.