## Ex parte FRANK MEYERS.

No. A-8594. Aug. 4, 1933.
Rehearing Denied Sept. 8, 1933.
(24 Pac. [2d] 1011.)

J. M. Roberts, for petitioner.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Petitioner, Frank Meyers, alleges, in substance, that he was convicted of the crime of driving an automobile while under the influence of intoxicating liquor, and was sentenced to serve one year in the penitentiary and to pay a fine of $1,500 and costs; that he has served the term of imprisonment as specified in the judgment and is now being held in the penitentiary for service of the fine and costs at the rate of $1 per day, it

being provided ·in the judgment that he be confined at that rate until the fine and costs were paid; that he is a pauper and has no money with which to pay the fine and costs; that the punishment provided for the crime of which he was convicted, to wit: "Any person violating the provisions of this section shall be deemed guilty of a felony and shall be punished by imprisonment in the penitentiary not more than one year, or by a fine of not more than $2,000, or by both imprisonment and fine," means that the court or jury may assess imprisonment or fine as punishment, but that both such fine and imprisonment should not exceed one year.

Petitioner was prosecuted under chapter 16, section 3, Session Laws 1923. The provisions of this statute are not ambiguous, and it clearly appears to have been the legislative intent that a person convicted under such statute might be imprisoned in the penitentiary for a maximum period of one year, or he might receive a maximum fine of $2,000, or, in the discretion of the court and jury, both the maximum fine and the maximum imprisonment might be assessed if the court or jury thought such punishment fitting to the case.

It is contended that the provisions providing such punishment are unconstitutional as being in violation of section 9, art. 2, Constitution, which provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted."

The answer to petitioner's contention is found in McMahon v. State, 70 Neb. 722, 97 N. W. 1035, where that court said:

"A large discretion is vested in the Legislature in the fixing of penalties designed to prevent the commission of certain prohibited acts; and a penalty imposed by statute

will not be held unconstitutional as excessive, unless it is so excessive as to shock the sense of mankind."

To the same effect are: Ellis v. State, 54 Okla. Cr. 295, 19 Pac. (2d) 972; Doyle v. Commonwealth, 100 Va. 808, 40 S. E. 925; State v. Constantino, 76 Vt. 192, 56 A. 1101; Territory v. Ketchum, 10 N. M. 718, 65 Pac. 169, 55 L. R. A. 90; State v. Apple, 121 N. C. 584, 28 S. E. 469.

Some courts have apparently gone too far and state the rule to be:

"Const. art. 1, § 16, providing that cruel and unusual punishments shall not be inflicted, has reference to the statute fixing the punishment, and not to the punishment assessed by the jury within the limits fixed by the statute; and, if such punishment is within the statute, it is not excessive." Shields v. State, 149 Ind. 395, 49 N. E. 351; Jackson v. United States (C. C. A.) 102 F. 473. But the greater weight of authority supports McMahon v. State, supra.

Driving an automobile while intoxicated is a grave offense, the driver being a potential murderer of any peaceful citizen going about his business on the public highway. The punishment fixed by chapter 16, section 3, Session Laws 1923, is not excessive, but is very moderate considering the gravity of the offense.

The contention that imprisonment for fine and costs is unauthorized by law is not an open question. This court in Ex parte McCoy, 45 Okla. Cr. 52, 281 Pac. 813, and in Ex parte Alvarado, 54 Okla. Cr. 127, 15 Pac. (2d) 147, settled that question adversely to petitioner's contention.

The Supreme Court of this state in Ex parte Eurick, 143 Okla. 280, 288 Pac. 467, has also said:

"The state has power and authority to hold a person convicted of a felony in the penitentiary to serve one day for each $1 of fine and costs taxed against him."

The other matters complained of by petitioner cannot be raised in habeas corpus, but can only be raised upon appeal.

The writ is therefore denied.

EDWARDS, P. J., concurs. DAVENPORT, J., not participating.