OKLAHOMA PUBLIC EMPLOYEES RETIREMENT BENEFITS The fact that a retirant under the Oklahoma Public Employees Retirement System Act enters directly into a contract with a state agency or department to render a service for which he receives com pensation shall have no effect upon the retirant's right to receive monthly retirement benefits unless the State retains the right to control or direct the work of the individual to an extent that the association is clearly one in the nature of an employer-employee relationship or unless the individual's status comes clearly within definitions of the terms " appointed" or "elected" as defined herein. A retirant may continue to receive monthly retirement benefits if he is retained in a consulting position by a state agency or department and reimbursed for necessary expenses incurred incidental thereto. The fact that a retirant under the Oklahoma Public Employees Retirement System Act is retained in a consulting position by a private firm which has contracts with the State and is paid from monies received by the private firm pursuant to terms of its contract with the State shall have no effect upon the retirant's right to receive monthly retirement benefits. The Attorney General has had under consideration your request for opinion relative to the following questions regarding the Oklahoma Public Employees Retirement System Act: 1. Is a retirant under the system precluded from receiving monthly retirement benefits if he enters directly into a contract with a state agency or department to render a service for which he receives compensation? 2. May a retirant continue to receive monthly retirement benefits if he is retained in a consulting position by a state agency or department and reimbursed for necessary expenses incurred incidental thereto? 3. Is a retirant precluded from receiving monthly retirement benefits if he is retained in a consulting position by a private firm which has contracts with the State of Oklahoma and the private firm pays the consultant from monies received pursuant to terms of its contract with the State? Senate Bill No. 635 passed by the Second Session of the 1974 Legislature with an effective date of May 3, amends Section 74 O.S. 914 [74-914](4) (1973) of 74 O.S.Supp. 1973, to provide in pertinent part as follows: "If a retirant should be elected or appointed to any position or office for which compensation for service is paid from levies or taxes imposed by the State of Oklahoma or any political subdivision thereof, he shall not receive any retirement benefit for any month for which he serves in such position or office after he has received compensation in an amount in excess of Two Thousand Four Hundred Dollars ($2,400) in any calendar year; . . ." (Emphasis added) The term "appoint" is defined in Black's Law Dictionary as follows: "to designate, ordain, prescribe, or nominate." Further, "appointment" is defined as the designation of a person, by the person or persons having authority therefor, to discharge the duties of some office or trust. Black's Law Dictionary defines the term "elected" in the following manner: "The word 'elected', in its ordinary signification, carries with it the idea of a vote, generally popular, sometimes more restricted, and cannot be held the synonym for any other mode of filling a position." The Supreme Court of Oklahoma has stated the term "election" includes registration, nomination, voting, and the manner in which votes are to be counted and results made known. Gragg v. Dudley, 289 P. 254,143 Okl. 280 (1930). The Criminal Court of Appeals of Oklahoma in Reddell v. State, 170 P. 273, 14 Okl. Cr. 199 (1918) stated that the word "appointment" is ordinarily used in connection with the designation of a person to an office or some similar but subordinate employment and the term "employment" is often used to distinguish an office from a position of a subordinate degree, such as a clerkship or servant, in continuous service of the employer. A careful reading of 74 O.S. 914 [74-914](4) clearly reveals the specific intent of the Legislature that all employment situations arising between a retirant under the State Retirement System and the State, exclusive of those wherein the retirant was either elected or appointed to a position within state government according to circumstances as set forth in 914(4), should not affect the retirant's right to receive monthly retirement benefits. If the wording of a statute is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for use of interpretive devices to fabricate a different meaning. McVicker v. Board of County Commissioners of Caddo County, 442 P.2d 297 (Okl., 1968). The Oklahoma Supreme Court in the case of Miller Construction Company v. Wenthold, 458 P.2d 637 (1969) defined an independent contractor as one who engages to perform a certain service for another, according to his own method and manner, free from control and direction of his employer, in all matters connected with the performance of the service, except as to the results thereof. There is, consequently, a test to be applied in each situation in order to determine whether a retirant is entitled to continue receiving retirement benefits after entering into some type of business relationship with the State. The test to be applied is the degree of right to control or supervise the work of the individual retained by the State. Each employment situation which arises between a retirant under the Oklahoma Public Employees Retirement System Act and the State must be evaluated and a determination made as to whether the retirant was either elected or appointed to a position or office within state government according to definitions of both terms herein. Any employment situation between a retirant and the State other than that where the retirant was either elected or appointed to a position or office for which compensation for service is paid from levies or taxes proposed by the State of Oklahoma or any political subdivision thereof, shall have no effect upon the retirant's right to receive monthly retirement benefits. Your second question involves the effect which reimbursement for expenses has upon a retirant's right to receive monthly retirement benefits. Section 74 O.S. 902 [74-902](10) of 74 O.S.Supp. 1973, defines the term "compensation" as "all salary and wages, including amounts deferred under deferred compensation agreements entered into between a member and a participating employer, but exclusive of payment for overtime, payable to a member of the System for personal services performed for participating employer, including maintenance, or any allowance in lieu thereof provided a member as a part of compensation but shall not include compensation or reimbursement for traveling, or moving expenses, . . ." (Emphasis added) The above language, read in context with Section 914(4) as amended, clearly excludes any funds paid to an individual for reimbursement of expenses incurred in traveling or moving from consideration with regard to computation of the $2,400 limit in any calendar year which a retirant might receive as compensation from the State without effect upon his monthly retirement benefits. It is, therefore, the opinion of the Attorney General that your first question be answered in the negative. The fact that a retirant under the Oklahoma Public Employees Retirement System Act enters directly into a contract with a state agency or department to render a service for which he receives compensation shall have no effect upon the retirant's right to receive monthly retirement benefits unless the State retains the right to control or direct the work of the individual to an extent that the association is clearly one in the nature of an employer-employee relationship or unless the individual's status comes clearly within definitions of the terms "appointed" or "elected" as defined herein. It is further the opinion of the Attorney General that your second question be answered in the affirmative. A retirant may continue to receive monthly retirement benefits if he is retained in a consulting position by a state agency or department and reimbursed for necessary expenses incurred incidental thereto. It is further the opinion of the Attorney General that your third question be answered in the negative. The fact that a retirant under the Oklahoma Public Employees Retirement System Act is retained in a consulting position by a private firm which has contracts with the State and is paid from monies received by the private firm pursuant to terms of its contract with the State shall have no effect upon the retirant's right to receive monthly retirement benefits. (William Don Kiser)