Dear Honorable Davis,
The Attorney General has received your requests for an official opinion asking, in effect:
 Is the appointment of a former member of the Oklahoma State Senate to the position of Tax Commissioner within two years of the expiration of the Senator's term, violative of the provisions of Article V, Section 23 of the Oklahoma Constitution where the compensation for that position was increased and/or compensation for that position is currently being paid from funds appropriated during the former Senator's term of office?
The prohibitions of Article V, Section 23 of the Oklahoma Constitution can best be understood when separated into three natural divisions as follows:
 1. "No member of the Legislature shall, during the term for which he was elected, be appointed or elected to any office or commission in the State, which shall have been created, or the emoluments of which shall have been increased, during his term of office[.]"
 2. "[N]or shall any member receive any appointment from the Governor, the Governor and Senate, or from the Legislature, during the term for which he shall have been elected[.]" (Emphasis added).
 3. "[N]or shall any member, during the term for which he shall have been elected, or within two years thereafter, be interested, directly or indirectly, in any contract with the State, or any county or other subdivision thereof, authorized by law passed during the term for which he shall have been elected." (Emphasis added).
Your question indicates that the appointment in question occurred after the expiration of the Senator's term of office. Clearly, therefore, the first two prohibitions are inapplicable.
The third division prohibits any legislator from having a direct or indirect interest in any contract with the State within two years of the expiration of his or her term of office. It is this prohibition upon which an analysis of your question must focus.
A situation nearly identical to that raised by your question has previously been addressed by the office of the Attorney General. In A.G. Opin. No. 65-137, then Attorney General Nesbitt ruled that a former legislator could be appointed as Director of State Finance in the year following the expiration of his term of office, notwithstanding the fact that the previous Legislature had increased the maximum salary of the Director's position.
A.G Opin. No. 65-137 pointed out the distinction between the first two divisions of the Constitutional prohibition and the third, holding as follows:
 "Said constitutional provision implicitly recognizes that the holding of a public office is not a contractual relationship between the office holder and the government, inasmuch as the ineligibility for appointment or election to public office expires with the legislative term; whereas, the prohibition against interest in contracts extends two years beyond the term." (Emphasis added).
It should be noted that, in so holding, A.G. Opin. No. 65-137 could just as well have utilized the well settled principle of Constitutional construction that every provision of the Constitution is presumed to have been intended for some useful purpose and every provision should be given effect. See, Cowart v. Piper Aircraft Corp., 665 P.2d 315 (Okla. 1983);Knapp v. State, ex rel. Com'rs of State Land Office, 243 P.2d 660 (Okla. 1952); Oklahoma Natural Gas Co. v. State, ex rel. Vassar, 101 P.2d 793
(Okla. 1940). Because the third division of Article V, Section 23 applies to situations arising both during the term of office and for two years after the expiration of that term, a failure to recognize the framers' intent to distinguish between holding appointive office and being "interested, directly or indirectly in any contract" would render portions of the Constitutional provisions useless.
The 1965 opinion went on to draw a distinction between the Director of State Finance as a public officer and other employees of the State, citing State v. Evans, 319 P.2d 1112 (Okla. 1957), for the proposition that:
 "By general definition a public officer is `* * * such an officer as is required by law to be elected or appointed, who has a designation or title given him by law, and who exercises functions concerning the public, assigned to him by law.' * * *
 " `An officer is one who is invested with some portion of the functions of the government to be exercised for the public benefit.' * * *"
The opinion also noted the State Supreme Court's holding in Farley v.Board of Education of City of Perry, 162 P. 797 (Okla. 1917), for the following proposition:
 "The duties of an officer are fixed by law, and an employment arising out of contract, whereby the person employed acts under the direction or control of others, and which employment depends for its duration and extent upon the terms of such contract, is not an office."
A. G. Opinion No. 65-137 clearly ruled that a former legislator may hold elective or appointive public office within two years after the expiration of his or her term. In addition, it implicitly recognized that a former legislator may not otherwise be hired as an employee of the state during that same time period in those instances where his or her employment agreement violates the Constitutional provision.
A review of case law and other Attorney General Opinions interpreting Article V, Section 23, while revealing no situations identical to the question you raise, supports this rationale.
In the case of Baskin v. State, 232 P.388 (Okla. 1925), the State Supreme Court first examined the application of this Constitutional provision. In that instance, a sitting member of the House of Representatives was appointed as a district court judge during the term for which he was elected, but after he had resigned from the Legislature. In finding the appointment prohibited by Article V, Section 23 the Court noted the clear Constitutional language "during the time for which he was elected" and held the legislator's resignation insufficient to avoid the prohibition.
The Court then enunciated the rationale behind the Constitutional provision in language which might appear to impact the question you raise. The Court said, "The constitutional provisions were enacted for the protection and safety of our government. . . . This act was to prevent and prohibit members of the Legislature, after making appropriations for other departments, and after the adjournment of the Legislature from accepting employment from that branch of the government, and receiving a pecuniary benefit from the money they appropriated." Baskins, supra, at pp. 389, 390. (Emphasis added).
More importantly for purposes of this analysis, however, the Court went on to apparently distinguish the application of the first two divisions of Article V, Section 23, from the third. The Court stated:
 "Since this case has been appealed, and since the plaintiff in error has filed his brief, his disqualification to hold the office has been removed, for the time to which he was elected to the legislature has terminated, and it may be said at this time the respondent is qualified to hold the office." Baskins, supra, p. 390. (Emphasis added).
The Court's statement as to the plaintiff's eligibility to hold office was issued on January 2, 1925, only a few months after the expiration of the elective term, and, as such, is consistent with the distinction applied in A.G. Opin. No. 65-137.
In the case of Gragg v. Dudley, 289 P. 254 (Okla. 1930), the Court permitted a member of the Legislature to run for Lieutenant Governor since he would assume that office after the expiration of his term of office, but suggested no constitutional disability because of the legislator's participation in the appropriation for the lieutenant governor's salary, although such an appropriation would clearly have been in effect during the time he would hold office.
In State ex rel Settles v. Board of Education of Dependent SchoolDistrict No. D-38, 389 P.2d 356 (Okla. 1964), the Court ruled that a member of the Legislature could not, during his term of office, be hired as an employee of a school district because the teacher employment contract was funded, i.e. "authorized by law," during his term of office. The Court's ruling was fully consistent with the officer employee distinction enunciated in both A.G. Opin. No. 65-137 and A.G. Opin. No. 63-370, cited below.
Numerous Attorney General Opinions have also addressed the application of Article V, Section 23. Most dealt with the prohibitions of section 23 as applied to sitting legislators and contractual arrangements with the State or its subdivisions. Two, however, are of some assistance in analyzing your question.
In A.G. Opin. No. 63-370, a portion of which was cited by the Court inSettles, supra, Attorney General Nesbitt concluded that a member of the Legislature was prohibited by the language of the third division of the Constitutional provision from receiving compensation as a teacher where the general fund of the school district received appropriations from that Legislature. Citing Farley, supra, that Opinion stated further, "it will be noted that while a member of our State legislature is a person `holding an office under the laws of the State,' a person engaged as a teacher in a public school of Oklahoma is not an officer, or a deputy of an officer, under the laws of this State. In fact, in Farley v. Board of Education of the City of Perry, (1917) . . . it was expressly held that: `A city superintendent of schools under the laws of the State of Oklahoma, is not an "officer," but an "employee" of the Board of education of the city.' " (Emphasis original).
In A.G. Opin. No. 70-212, Attorney General Blankenship opined, based on Article V, Section 23, that a sitting member of the Legislature was eligible to be elected judge of the Court of Appeals where the office had not been created nor the salary established during his term of office. While it was undoubtedly true that the salary of such a judge was authorized and appropriated during the legislator's term of office, the Attorney General apparently saw no reason to apply the prohibitions of the third division of Article V, Section 23 to a legislator elected to a judicial office, even though funds for that office would have been appropriated during his term of office.
Title 68 O.S. 102 — 68 O.S. 112 (1981), as amended, establish the Oklahoma Tax Commission. Title 68 O.S. 102 (1981) provides in pertinent part, as follows:
 "The `Oklahoma Tax Commission' is hereby created, and shall possess such duties, powers and authority as are hereinafter defined, and as are now or as may hereafter be conferred upon it by law. The Tax Commission shall consist of three (3) persons to be appointed by the Governor of the State of Oklahoma by and with the consent of the State Senate of the State of Oklahoma. The members of the Tax Commission shall not be subject to removal from office at the will and pleasure of the Governor, but may be removed only for cause and in the manner provided by law for the removal of state officials not subject to impeachment under the provision of Section 1, Article VIII, of the Constitution.
* * *
 "In the event of a vacancy in the membership of the Tax Commission before the expiration of any term of office, the Governor shall fill such vacancy for the unexpired term within twenty (20) days[.]" (Emphasis added).
Title 68 O.S. 103 (1981) provides in pertinent part, as follows:
 "In the performance of its duties, as defined by law, the Tax Commission, or any member thereof, shall have the power to administer oaths, to conduct hearings, and to compel the attendance of witnesses and the production of the books, records and papers of any person, firm, association or corporation."
The Commission performs a number of functions. For example, 68O.S. 203 (1981) provides, in pertinent part:
 "The Tax Commission is hereby authorized to enforce the provisions of this Code and to promulgate and enforce any reasonable rules and regulations with respect thereto. The Tax Commission may also prescribe, promulgate and enforce all necessary rules and regulations for the purpose of making and filing of all reports required under any state tax law, and such rules and regulations as may be necessary to ascertain and compute the tax payable by any taxpayer subject to taxation under any State tax law; and may, at all times, exercise such authority as may be necessary to administer and enforce each and every provision of any State tax law."
Clearly, a member of the Tax Commission is appointed to a public office within the meaning of that term as contemplated by the provisions of Article V, Section 23. For purposes of the application of the third division of that Constitutional provision, it makes absolutely no difference that the compensation was increased and/or funds appropriated to that office during a former legislator's term of office. Such an appropriation of funds would, however, serve to otherwise prohibit contractual arrangements, including employment contracts with a former legislator.
It is, therefore, the official opinion of the Attorney General that theposition of a Tax Commissioner as created at 68 O.S. 102 (1981), is apublic office within the meaning of Article V, Section 23, of the OklahomaConstitution, and, although said provision renders members of theOklahoma Legislature ineligible for appointment to that office during thelegislative term for which they were elected, such ineligibility expireswith such legislative term.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
WILLIAM J. BULLARD, ASSISTANT ATTORNEY GENERAL