## PALMER v. STATE.

Const. Art. 3 Sec. 12 forbids the appointment of any member of the legislature, during the the term for which he was elected, to any civil office in the state created, or the emoluments of which have been increased, during the term for which he was elected, and forbids that any member doing the term for which he was elected, or one year thereafter, be interested in any contract with the state, or any county thereof, authorized by any law passed during the term for which he was elected. Laws

1897, Chapter 110, Section 41, after prescribing certain duties of the at-
torney general and state's attorneys, authorizes the railroad commis-
sioners to employ additional legal counsel, and the general appropri-
ation bill for the same year, in the section relating to railroad commis-
sioners (Laws 1897, Chapter 10, Section 20). contains the item; "For
litigation fund for biennial period of 1897 and 1898 $4,500." *Held*, that
an attorney who was chosen a member of the legislature for the bien-
nial period beginning January 1, 1897, cannot collect for services ren-
dered the railroad commissioners during 1897.

(Opinion filed June 14, 1898.)

Original action in this court to recover from the state of
South Dakota for services rendered as an attorney. Judgment
for the defendant.

The facts are stated in the opinion.

*C. S. Palmer* in *pro. per.* for the plaintiff.

*Melvin Grigsby*, Attorney General, for the defendant.

HANEY, J. The plaintiff, an attorney at law and a member
of the legislature chosen for the biennial period which began
in January. 1897 was employed by the board of railroad com-
missioners from July 1 to October 18, 1897, to act as its attor-
ney in defending certain actions instituted in the federal court.
An account for the services so rendered, duly approved by the
board, in the amount of $860, was presented to the state audi-
tor, who declined to allow it, for the reason that plaintiff was
and is a member of the legislature which enacted the law which
authorized his employment. The section of the general appro-
priation bill, passed by the legislature of which plaintiff was a
member, relating to railroad commissioners: contains this item:
"For litigation fund for biennial period of 1897 and 1898, $4,500."
Laws 1897, Chapter 10, Section 20. Section 41, Chapter 110
enacted by the same legislature, after prescribing certain du-

ties to be performed by the attorney general and state's attorneys, concludes as follows: "Said commissioners are hereby also authorized, when in their opinion it is necessary or proper to employ any and all additional legal counsel to assist them in the discharge of their duties and to conduct and prosecute any and all suits they may determine to bring under the provisions of this act or any law of this state, or to assist the attorney general in the prosecution of the same." The state constitution contains the following: "No member of the legislature shall during the term for which he was elected, be appointed or elected to any civil office in the state which shall have been created or the emoluments of which shall have been increased during the term for which he was elected, nor shall any member receive any civil appointment from the governor, the governor and the senate, or from the legislature during the term for which he shall have been elected, and all such appointments and all votes given for any such members for any such office or appointment shall be void; nor shall any member of the legislature during the term for which he shall have been elected, or within one year thereafter, be interested, directly or indirectly, in any contract with the state or any county thereof authorized by any law passed during the term for which he he shall have been elected." Const. Article 3, Section 12. The language of the constitution is plain. Its meaning cannot be mistaken. The purpose of the provision is apparent. It is intended to preclude the possibility of any member deriving, directly or indirectly, any pecuniary benefit from legislation enacted by the legislature of which he is a member. It is one of the most important of the many reforms attempted by the framers of our organic law. It is intended to remove any sus-

picion which might otherwise attach to the motives of members who advocate the creation of new offices or the expenditure of public funds. If the employment of plaintiff by the commissioners did not create contractual relations with the state, it is impossible to comprehend how it can be liable in this action. If the board was authorized to employ counsel at the expense of the state, and the statute cited clearly clothed it with such authority, such employment created a contract with the state. It was a contract authorized by laws passed during the term of legislature for which plaintiff was elected, executed during the term for which he was elected, and in which the constitution expressly declares he shall not be directly or indirectly interested. His case is clearly within the letter and spirit of the constitutional inhibition. Nothing herein is intended to reflect upon the conduct of the plaintiff as a member of the legislature, or the value of his services as an attorney of the board of railroad commissioners. The question of his good faith is not involved. All contracts between the state and members of the legislature made during the prohibited period are invalid, and it is wholly immaterial whether they are beneficial to the state or not. Plaintiff cannot recover. Judgment will be entered for defendant dismissing the action upon its merits, and for the usual costs and disbursements.