**STATE ex rel. OWEN v. CARTER, State Auditor.**

No. 10913.—Opinion Filed Dec. 19, 1919.

(Syllabus by the Court.)

**1. Judges—Justices of Supreme Court—Increase of Salary—Constitutionality of Statute.**

Section 10, article 23, of the Constitution provides: "Except wherein otherwise provided in this constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; nor shall the term of any public official be extended beyond the period for which he was elected or appointed; provided, that all officers within this state shall continue to perform the duties of their offices until their successors shall be duly qualified." Held: That said section 10, art. 23, of the Constitution must be construed with section 16 of the Schedule to the Constitution, when determining the constitutionality of chapter 204, Laws 1919, increasing the salaries of the Justices of the Supreme Court.

**2. Same.**

A Justice of the Supreme Court, who has been duly elected, has qualified, and entered upon his term of office, is legally entitled to the increase in salary authorized by chapter 204, Laws 1919, for the reason that section 16 of the Schedule expressly provided that "the salary of the Justices of the Supreme Court of the state shall be $4,000 per annum, each, * * * until changed by the Legislature."

**3. Same.**

By chapter 204, Laws 1919, salaries of Justices of the Supreme Court are "changed by the Legislature," and this change is authorized by section 10 of article 23 and section 16 of the Schedule to the Constitution.

**4. Same.**

The authority to change the salaries, during the term of office, provided for in section 10 of article 23, and section 16 of the Schedule to the Constitution, having been exercised, the power thereunder is exhausted. Chapter 252, Session Laws 1917, is not a change of salaries of Justices of the Supreme Court.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Mandamus by the State on the relation of Thomas H. Owen against F. C. Carter, State Auditor. Judgment for respondent, and relator brings error. Reversed. (All members of the Supreme Court having certified their disqualifications in the case, the following were duly appointed and qualified as Special Justices: N. A. Gibson, H. A. Ledbetter, Ralph E. Campbell, J. G. Ralls, Horace G. McKeever, J. A. Duff, Philos S. Jones, R. H. Loofbourrow, Jason G. McCombs.)

S. W. Hayes, Geo. S. Ramsey, E. G. McAdams, John B. Turner, and Geo. B. Rittenhouse, for plaintiff in error.

S. P. Freeling, Atty. Gen., and C. W. King, Asst. Atty. Gen., for defendant in error.

LEDBETTER, J. Thomas H. Owen was elected Justice of the Supreme Court of Oklahoma at the general election of 1918 for a term of four years, and on the second Monday in January, 1919, he qualified as such Justice, and entered upon the duties of his office, which he has since been discharging. For his services during the month of July, 1919, he presented to, and filed with, the defendant in error, F. C. Carter, State Auditor of the State of Oklahoma, his claim, duly verified, in the sum of $500, which was for his salary for the month of July, 1919, and demanded that the defendant in error approve the same and issue warrant therefor, which was refused; thereupon the question of plaintiff in error's right to demand and receive the salary was presented to the district court of Oklahoma county upon an agreed statement of facts, without suit first being filed, as is provided for in section 5303 of the Revised Laws of Oklahoma, 1910, and the trial court rendered judgment against the plaintiff in error, from which judgment an appeal was taken to this court.

The record here presents the question as to the legal rights of a Justice of the Supreme Court of Oklahoma, elected or appointed before the enactment of the act entitled "An Act fixing the salaries of Justices of the Supreme Court * * *" (Session Laws of Oklahoma, 1919, chap. 204, page 299), to demand and receive for his services the salary therein provided for.

Section 1 of chapter 204 of the Session Laws of 1919 is as follows:

"The salary of each Justice of the Supreme Court * * * shall be six thousand dollars per annum, payable monthly, as provided by law."

In construing said section 1 of the Session Laws of 1919, supra, it becomes the duty of this court to construe section 16 of the Schedule to the Constitution in connection with section 10 of article 23 of the Constitution, it appearing that at no other time has this court had this identical question before it.

The relator is a constitutional state officer, whose office was created by article 7 of the Constitution. By section 3 of article 7 it is provided that the Supreme Court shall

consist of five Justices, until the number shall be changed by law.

By Senate Bill No. 252 of the Session Laws of 1917, the number of Justices of the Supreme Court was changed to nine, but no change of salary was made.

By section 16 of the Schedule to the Constitution it is provided:

"The salary of the Justices of the Supreme Court of the state shall be four thousand dollars per annum each, * * * until changed by the Legislature."

By House Bill No. 290 of the Session Laws of 1919, supra, the salary of each Justice of the Supreme Court was changed from $4,000 to $6,000 per annum.

By section 10 of article 23 of the Constitution is is provided:

"Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment," etc.

And it is insisted here that Senate Bill No. 290 of the Session Laws of 1919, is violative of the provisions of section 10 of article 23 of the Constitution of Oklahoma.

This court has in mind previous decisions of this court, in Board of County Commissioners of Greer County v. Henry et al., 33 Okla. 210; Jones v. Louthan, 35 Okla. 407; Board of County Commissioners of Beaver County v. Culwell, 41 Okla. 712; Privett v. Board of County Commissioners of Grant County, 44 Okla. 523; Carrico et al. v. Couch et al., 45 Okla. 672; and Board of County Commissioners of Creek County v. Bruce et al., 51 Okla. 541; and subsequent decisions construing the right of county officers to salaries in force at the date of their election or appointment; and is of the opinion that no utterance of this court, in any of the cases referred to, or any following cases, is in conflict with the principles of law announced, as referred to in this opinion, and in none of said opinions was the provision of section 16 of the Schedule of the Constitution of Oklahoma construed.

Section 1 of article 6 of the Constitution of Oklahoma, which created executive offices of the state and fixed the qualifications and terms of office, covered the provisions for the same officers as those provided for in section 15 of the Schedule to the Constitution. Section 34 of article 6 of the Constitution provides that the salary of executive officers of the state shall not be increased or diminished during the term for which they shall have been elected. Section 49 of article 5 of the Constitution, relating to the legislative department, provides that the Legislature shall not increase the number or emoluments of its employes except by general law, which shall not take effect during the term at which said increase is made.

Article 7 of the Constitution of Oklahoma creates and provides for the judiciary department. This article contains no provision prohibiting the increase or diminishing of the salary of officers of the department during the term for which they were elected or appointed. Section 3 of article 7 provides that the Supreme Court shall consist of five Justices "until the number shall be changed by law," and in section 4 of article 7 provision for the length of term of their office is made.

It is contended by the respondent in this case that section 10 of article 23 of the Constitution of Oklahoma prohibits a change in the salaries of Justices of the Supreme Court during the term of office of any incumbent, and that section 16 of the Schedule to the Constitution, which provides that the salaries of Justices of the Supreme Court shall be $4,000 until changed by the Legislature, operates to prevent the Legislature from increasing the salary of any Justice during his term of office.

The court, in order to arrive at a conclusion as to whether the Act of 1919 is violative of the provisions of the Constitution of Oklahoma relative to changes in the salaries of an officer, must take into mind established principles of construction, which are aptly stated in United States v. Chase, 135 U. S. 260, 34 L. Ed. 117, wherein it is said:

"It is an old and familiar rule that where there is in the same statute a particular enactment and also a general rule which in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative and the general enactment must be taken to affect only such cases within the general language as are not within the provisions of the particular enactment.

"The rule applies wherever an act contains general provisions and also special ones upon the same subject, which, standing alone, the general provisions would include."

In 12 Corpus Juris, 709, sec. 507, it is said:

"When general and special provisions of a Constitution are in conflict, the special provisions should be given effect to the extent of their scope, leaving the general provisions to control in cases where the special provisions do not apply."

It should be noted that section 10 of article

23 of the Constitution clearly anticipates that there is some place in the Constitution of the state "wherein it is otherwise provided," and under the authority of which provision a change may be made in some salaries provided for by the Constitution or the Schedule. A careful examination of all of the provisions of the Constitution discloses the fact that no other provision is made for the change of the salary of any officer provided for by the Constitution except in section 16 of the Schedule, providing for the temporary salaries of Justices of the Supreme Court and district judges, and committing to the Legislature the authority to change the temporary salaries so provided for.

In considering the question, which, in the opinion of the court, is one of first impression, and of novel and great interest, the court has considered the cases cited to it and investigated upon its own motion cases not cited. In State ex rel. Wells v. Tingey, 67 Pac. 33, the Supreme Court of Utah considered the question whether section 20 of article 7 of the Constitution of that state prohibited the increase or decrease of the salary of an officer during the term for which he was elected, and held that the prohibition of that section applied only to such salaries as had been or might be fixed by the act of the Legislature, and that it was not intended by the temporary provisions of the Schedule to the Constitution to lessen the power of the Legislature in dealing with this subject, but was intended only to prevent a change of such salary during a term of office by subsequent enactment after the Legislature had once acted.

In the case of Arie v. State, 23 Okla. 166, this court has held that the Schedule to a Constitution generally contains only temporary provisions for the operative machinery necessary to put the principles of government under a Constitution in motion without disorder and collision, but not as a rule to control the principles of the organic law, or to limit the same, but to carry the whole into effect without break or interval. Though this is a correct statement of law, nevertheless, the Schedule to the Constitution does constitute a component part of the Constitution, only differing from the permanent provisions of the Constitution as to the extent of application, or the time during which the powers granted shall continue.

The court has considered the case of Boyce, State Auditor, v. Hunt, 181 Pac. 184, in which the Supreme Court of Arizona had under consideration the provisions of the Constitution of that state relative to the change of the salary of the Governor during his term of office. The provisions of the Schedule to the Constitution of that state fixed the salary of the Governor at $4,000 a year "until otherwise provided by law." The first Legislature of the state passed an act fixing the salary of the Governor at $4,000 a year, which was the same amount as provided in the Schedule to the Constitution, and thereafter, in 1917, after the term of office of Governor Hunt had begun, the Legislature passed an act increasing the salary of the Governor to $6,000 a year. The court holds that the provision of the Constitution prohibiting the increase or decrease of the salary of any officer during his term of office applied to the Act of 1917, for the reason that, subsequent to the admission of the state into the Union, the Legislature had by law provided for the salary of such officer, although it had made the salary the same as that temporarily provided by the Schedule to the Constitution, and that the first act of the Legislature was the one which was contemplated by the provision of the Constitution "until otherwise provided by law." This case is not applicable to the case at bar, as the power reserved to the Legislature by section 16 of the Schedule to change the salaries of Justices of the Supreme Court has never been exercised prior to the passage of the Act of 1919.

In brief, the court is of the opinion that the provisions of section 10 of article 23 of the Constitution, prohibiting a change in the salary of officers of the state "except wherein otherwise provided in this Constitution," must be construed as referring to and contemplating the existence in the Constitution of a provision in which it is otherwise provided as to some or all of the officers designated in the Constitution. An exhaustive search of the Constitution discloses no provision which can be construed as the exception provided for in section 10, except that contained in section 16 of the Schedule, in which the language is altogether different from that used with reference to change of salaries of any other officers of the state, or of any county or subdivision.

It is a familiar principle of law that language used in a Constitution must be construed in its common accepted sense, and that every effort should be exercised to hold the acts of the Legislature constitutional, unless they are clearly in violation of a prohibition of the Constitution. The court feels that effect must be given to the manifest intention of the framers of the Constitution, when they provided in sec. 16 of the Schedule for temporary salaries of Justices of the

Supreme Court and district judges, to continue until changed by the Legislature, and that there is no limitation upon the right of the Legislature to so change said salaries at any time, whether during the term of office of an incumbent or prior to the beginning of said term, and that the only limitation upon the right of the Legislature to so change said salaries is that, having once exercised the right, thereafter the right to change such salary a second time falls within the general provisions of the Constitution as set out in section 10 of article 23.

The court is of the opinion, and so holds, that the statement of the amount of salaries to be paid to Justices of the Supreme Court contained in the Act of 1917 was not a change of salaries as contemplated in the Constitution, but was merely declaratory of existing law, and was in effect surplusage in said act, and that, even if said language had been entirely omitted from the act, the newly appointed Justices provided for by the act would have drawn the temporary salary provided for Justices of the Supreme Court by section 16 of the Schedule to the Constitution; and therefore, the court holds that the Legislature had not exercised the power conferred upon it to change salaries of Justices of the Supreme Court at any time prior to the Act of 1919.

The court is not unmindful of the very grave doubt which has been thrown upon the constitutionality of the act in question by the able argument of the Attorney General, but believes that doubt should be resolved in favor of the constitutionality of an act of the Legislature.

It is aptly stated and the sound rule is laid down by Chief Justice Marshall in Fletcher v. Peck, 6 Cranch, 87, 128, 3 L. Ed. 162, as follows:

"The question whether a law be void for its repugnancy to the Constitution is at all times a question of much delicacy, which ought seldom if ever to be decided in the affirmative in a doubtful case. The court when impelled by duty to render such a judgment would be unworthy of its station could it be unmindful of the solemn obligations which that station imposes. But it is not on slight implication and vague conjecture that the Legislature is to be pronounced to have transcended its powers and its acts to be considered as void. The opposition between the Constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility with each other."

The court does not find that there is incompatibility between the provisions of the Constitution and those of the Act of 1919, and

concludes that the exercise of the power to change the salaries of Justices of the Supreme Court by the Legislature in that act was within the scope of the power conferred upon it by section 16 of the schedule, and was in no sense a violation of the principles of the Constitution of the state.

The court is not unmindful of the case of Greenlee County v. Laine, 180 Pac. 151, in which the Supreme Court of Arizona holds that the words "fix" and "change" are synonymous, and does not adhere to the doctrine announced in that case. We therefore conclude it was the intention of the framers of the Constitution of Oklahoma to place the Justices of the Supreme Court and the judges of the district courts in a class to themselves, and that the Act of 1919 was an exercise of the powers conferred by section 16 of the schedule to the Constitution, and was a valid constitutional act, and that the relator is entitled to the salary provided for in that act.

The judgment of the trial court is therefore reversed, and it is ordered and adjudged by the court that the writ of mandamus prayed for by the relator against the respondent, as auditor of the State of Oklahoma, be, and the same is hereby, granted by this court, and the said respondent F. C. Carter, as State Auditor of the state of Oklahoma, is hereby ordered and commanded to issue to the relator a warrant in the sum of $500 as and for his salary for the month of July, 1919.

GIBSON, C. J., CAMPBELL, RALLS, McKEEVER, DUFF, JONES, LOOFBOURROW, and McCOMBS, JJ., concur.