ATTORNEY GENERAL HENRY HAS ASKED THAT I RESPOND TO YOUR LETTER DATED AUGUST 24, 1987. YOU HAVE INQUIRED WHETHER A STATE LEGISLATOR MAY BE EMPLOYED TO WORK FOR A PUBLIC SCHOOL COOPERATIVE PROGRAM ON A CONTRACTUAL BASIS IF THE SALARY THEREFOR IS TO BE PAID SOLELY FROM FEDERAL FUNDS. IT DOES NOT APPEAR THAT, BASED UPON THE FACTS PRESENTED IN YOUR QUESTION, THAT IT IS EITHER NECESSARY OR PROPER THAT AN OFFICIAL PUBLISHED RESPONSE BE PROVIDED DUE TO THE FACT THAT THE LAW IS CLEAR AND UNAMBIGUOUS AND THEREFORE, THE QUESTION POSED DOES NOT REQUIRE THE FORMALITY OF AN OFFICIAL WRITTEN OPINION. PURSUANT TO ARTICLE V, SECTION 23 OF THE OKLAHOMA CONSTITUTION, A MEMBER OF THE LEGISLATURE MAY NOT BE INTERESTED EITHER DIRECTLY OR INDIRECTLY IN ANY CONTRACT WITH THE STATE, COUNTY OR OTHER SUBDIVISION OF THE STATE. AS STATED IN BASKIN V. STATE, 107 OKL. 272, 232 P. 388,390 (1925) AND REAFFIRMED IN STATE EX REL. SETTLES V. BOARD OF EDUCATION OF DEPENDENT SCHOOL DISTRICT NO. D-38,389 P.2d 356 (OKL. 1964), SECTION 23 OF ARTICLE 5 WAS ENACTED TO "PROHIBIT MEMBERS OF THE LEGISLATURE FROM DERIVING DIRECTLY OR INDIRECTLY ANY PECUNIARY BENEFIT OF LEGISLATIVE ENACTMENTS OR APPROPRIATIONS MADE BY THEM." THEREFORE, AN OKLAHOMA LEGISLATOR IS PROHIBITED BY THE CONSTITUTION FROM BENEFITING IN ANY CONTRACT AUTHORIZED BY LAW PASSED DURING HIS TERM OF OFFICE AND IS SIMILARLY PROHIBITED FROM RECEIVING RENUMERATION FROM APPROPRIATED FUNDS (SEE A.G. OP. 82-046) OR WHERE HE HAS REASON TO BELIEVE THE CONTRACT WILL IMPAIR HIS INDEPENDENCE OF JUDGMENT ON AN ISSUE BEFORE THE LEGISLATURE OR CREATE OTHER CONFLICTS OF INTEREST. TO THE EXTENT THAT THE CONTRACT WAS NOT AUTHORIZED DURING YOUR TENURE IN OFFICE, IS FUNDED EXCLUSIVELY FROM NON-STATE APPROPRIATED FUNDS AND WOULD NOT CONSTITUTE AN IMPAIRMENT OF YOUR INDEPENDENT JUDGMENT OR CREATE ANY OTHER CONFLICT OF INTEREST, I AM OF THE OPINION THAT EMPLOYMENT AS DESCRIBED IN YOUR LETTER IS PERMISSIBLE. (DOUGLAS B. ALLEN)