RE: STATE EMPLOYMENT OF LEGISLATORS
ATTORNEY GENERAL HENRY HAS ASKED ME TO PERSONALLY RESPOND TO YOU REGARDING YOUR INQUIRIES CONCERNING THE ABILITY OF THE STATE TO EMPLOY A LEGISLATOR DURING THE TERM FOR WHICH HE IS ELECTED TO OFFICE, TOGETHER WITH TWO ADDITIONAL QUESTIONS REGARDING "EMPLOYMENT", "CONTRACTING" AND "APPOINTMENT" BY LEGISLATORS WITH THE STATE. IN BROAD SCOPE, YOUR QUESTIONS HAVE BEEN PREVIOUSLY REVIEWED BY THIS OFFICE. ADDITIONALLY, RESOLVING YOUR QUESTIONS INHERENTLY WOULD INVOLVE MAKING DETERMINATIONS BASED UPON THE PARTICULAR FACTUAL CIRCUMSTANCES THAT MIGHT BE PRESENT IN ANY GIVEN CASE. THEREFORE, IT IS NOT POSSIBLE TO RESPOND TO YOUR INQUIRIES IN THE FORM OF A FORMAL OPINION. AS YOU ARE AWARE, THE LEGISLATURE HAS ABSOLUTELY FORBIDDEN THIS OFFICE TO ATTEMPT TO RESOLVE FACTUAL SPECIFIC DISPUTES THROUGH THE ISSUANCE OF WRITTEN OPINIONS IN 74 O.S. 18 B. HOWEVER, THE FOLLOWING INFORMATION IS PROVIDED FOR YOUR FUTURE USE.
YOU INITIALLY ASK WHETHER A LEGISLATOR MAY BE EMPLOYED BY THE STATE DURING THE TIME PERIOD CONSTITUTING HIS TERM OF OFFICE IF HE RESIGNS HIS POSITION DURING THAT TIME PERIOD. ARTICLE V, SECTION 23 OF THE OKLAHOMA CONSTITUTION STATES, IN THIS REGARD:
 "NO MEMBER OF THE LEGISLATURE SHALL, DURING THE TERM FOR WHICH HE WAS ELECTED, BE APPOINTED OR ELECTED TO ANY OFFICE OR COMMISSION IN THE STATE, WHICH SHALL HAVE BEEN CREATED, OR THE EMOLUMENTS OF WHICH SHALL HAVE BEEN INCREASED, DURING HIS TERM OF OFFICE, NOR SHALL ANY MEMBER RECEIVE ANY APPOINTMENT FROM THE GOVERNOR, THE GOVERNOR AND SENATE, OR FROM THE LEGISLATURE, DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED, NOR SHALL ANY MEMBER, DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED, OR WITHIN TWO YEARS THEREAFTER, BE INTERESTED, DIRECTLY OR INDIRECTLY, IN ANY CONTRACT WITH THE STATE, OR ANY COUNTY OR OTHER SUBDIVISION THEREOF, AUTHORIZED BY LAW PASSED DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED."
THIS CONSTITUTIONAL PROVISION HAS BEEN REVIEWED BY THE APPELLATE COURTS OF THE STATE, AND BY THE ATTORNEY GENERAL ON MANY OCCASIONS. IN BASKIN V. STATE,232 P. 388 (OKLA. 1918), THE OKLAHOMA SUPREME COURT WAS ASKED TO CONSIDER THE VALIDITY OF A GUBERNATORIAL APPOINTMENT OF A MEMBER OF THE LEGISLATURE TO A DISTRICT JUDGESHIP DURING THE TERM OF OFFICE FOR WHICH THE LEGISLATOR HAD BEEN ELECTED. IN ADVISING THAT THE APPOINTMENT WAS INVALID, THE COURT ESSENTIALLY VIEWED THIS CONSTITUTIONAL PROVISION AS BEING SEPARABLE INTO THREE PARTS.
THE FIRST PART PROHIBITS LEGISLATORS FROM BEING APPOINTED OR ELECTED TO ANY OFFICE OR COMMISSION IN THE STATE DURING THE TERM FOR WHICH HE WAS ELECTED WHICH WAS CREATED, OR FOR WHICH THE EMOLUMENTS OF OFFICE HAVE BEEN INCREASED, DURING HIS LEGISLATIVE TERM. THE SECOND PART FORBIDS LEGISLATORS FROM RECEIVING ANY APPOINTMENT FROM THE GOVERNOR, THE GOVERNOR AND THE SENATE, OR FROM THE LEGISLATURE, DURING THE TERM OF OFFICE FOR WHICH HE WAS ELECTED. THE THIRD AND FINAL COMPONENT OF THE PROVISION PROHIBITS LEGISLATORS FROM BEING INTERESTED IN ANY CONTRACTUAL AGREEMENT WITH THE STATE, OR ANY SUBDIVISION OF THE STATE, DURING HIS TERM OF OFFICE, OR FOR TWO YEARS THEREAFTER. UNDER THIS ANALYSIS, THE RESPONSE TO YOUR INITIAL QUESTION IS DEPENDENT ON WHETHER THE EMPLOYMENT IS ONE THAT IS GAINED THROUGH AN APPOINTMENT FROM THE GOVERNOR, SENATE AND GOVERNOR, OR THE LEGISLATURE, OR WHETHER THE EMPLOYMENT IS GAINED IN SOME OTHER MANNER. THIS ANALYTICAL MODE WAS AFFIRMED-RECENTLY BY THE ATTORNEY GENERAL IN A.G. OPIN. NO. 85-022.
YOU NEXT INQUIRE WHETHER EMPLOYMENT WITH THE STATE CONSTITUTES AN "APPOINTMENT" OR A "CONTRACT" WITH THE STATE. IN A.G. OPIN. NOS. 65-137 AND 85-022, THIS QUESTION WAS REVIEWED IN DEPTH, AND IT WAS THE ADVICE OF THE ATTORNEY GENERAL THAT HOLDING A PUBLIC OFFICE IS NOT CONSIDERED A "CONTRACT" WITH THE STATE.
YOU ASK IN YOUR FINAL QUESTION WHAT CONSTITUTES "APPOINTMENT" OR "ELECTION" TO AN OFFICE OR COMMISSION IN THE STATE. THIS QUESTION WAS ANSWERED BY THE COURT CRIMINAL APPEALS OF OKLAHOMA IN REDDELL V. STATE, 170 P. 273-(OKLA. CRIM. APP. 1918) THUSLY:
 ". . . THE WORD" APPOINTMENT "IS ORDINARILY USED IN CONNECTION WITH THE DESIGNATION OF A PERSON TO AN OFFICE OR SOME SIMILAR BUT-SUBORDINATE EMPLOYMENT, AND THE TERM" EMPLOYMENT "HAS OFTEN BEEN USED TO DISTINGUISH AN OFFICE FROM A POSITION OF A SUBORDINATE DEGREE, SUCH AS A CLERKSHIP — OR SERVANT, IN CONTINUOUS SERVICE OF THE _ EMPLOYER."
IN SHORT SUMMATION, WHETHER OR NOT ANY PARTICULAR SITUATION INVOLVES AN APPOINTMENT TO A POSITION, AND THE MANNER IN WHICH ARTICLE V, SECTION 23 WOULD IMPACT ON ANY GIVEN SITUATION IS INHERENTLY DEPENDENT UPON THE FACTUAL SITUATION AT HAND. I HAVE ENCLOSED FOR YOUR INFORMATION COPIES OF A.G. OPIN. NOS. 85-022 AND 87-040. IF YOU DESIRE FURTHER CLARIFICATION ABOUT A SPECIFIC SITUATION, PLEASE FEEL FREE TO CALL ME PERSONALLY.
(MICHAEL SCOTT FERN) (STATE EMPLOYMENT/CONFLICT OF INTEREST)