THE ATTORNEY GENERAL'S OFFICE HAS RECEIVED YOUR REQUEST FOR AN INFORMAL OPINION CONCERNING THE PROPRIETY OF A LEASE EXECUTED BY YOU AND NORTHEASTERN UNIVERSITY. THE PERTINENT FACTS AS PROVIDED TO THIS OFFICE ARE AS FOLLOWS:
 1) YOU WERE ELECTED TO THE OKLAHOMA HOUSE OF REPRESENTATIVES IN NOVEMBER, 1990;
 2) YOU AND YOUR WIFE, AS JOINT TENANTS, OWN A BUILDING IN TAHLEQUAH, OKLAHOMA, WHICH IS CURRENTLY BEING LEASED TO NORTHEASTERN UNIVERSITY;
 3) YOU EXECUTED THIS LEASE IN MAY, 1990, WITH NORTHEASTERN UNIVERSITY FOR A 12 MONTH PERIOD;
 4) NORTHEASTERN UNIVERSITY USES THIS BUILDING PRIMARILY TO MANUFACTURE AND STORE DRAMA MATERIALS;
 5) NORTHEASTERN UNIVERSITY PAYS FOR THIS LEASE WITH AUXILIARY FUNDS. AUXILIARY FUNDS ARE SELF-GENERATED FUNDS COLLECTED PRIMARILY FROM BOOK SALES AND STUDENT ACTIVITY FEES.
 YOUR QUESTION REQUIRES AN ANALYSIS OF 74 O.S. 4246(E) (1990) AND ARTICLE V, SECTION 23 OF THE OKLAHOMA CONSTITUTION. 74 O.S. 4246(E) PROVIDES, IN PERTINENT PART, AS FOLLOWS:
 "NO LEGISLATOR SHALL . . . SELL OR CAUSE TO BE SOLD, RENT OR LEASE, EITHER AS AN INDIVIDUAL OR THROUGH ANY BUSINESS ENTERPRISE IN WHICH HE HOLDS A SUBSTANTIAL FINANCIAL INTEREST, GOODS, CERVICES, BUILDINGS, OR PROPERTY TO ANY STATE AGENCY EXCEPT BY CONDEMNATION OR THREAT OF CONDEMNATION."
 THE PROVISIONS OF ARTICLE V, SECTION 23 OF THE OKLAHOMA CONSTITUTION PROHIBIT A MEMBER OF THE LEGISLATURE FROM HAVING A DIRECT OR INDIRECT INTEREST IN CERTAIN CONTRACT, PROVIDING IN PERTINENT PART THAT:
 "NOR SHALL ANY MEMBER DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED, OR WITHIN TWO YEARS THEREAFTER, BE INTERESTED DIRECTLY OR INDIRECTLY IN ANY CONTRACT WITH THE STATE OR ANY COUNTY OR OTHER SUBDIVISION THEREOF, AUTHORIZED BY LAW PASSED DURING THE TERM OF WHICH HE SHALL HAVE BEEN ELECTED."
 THIS CONSTITUTIONAL PROVISION WAS FIRST INTERPRETED BY THE OKLAHOMA SUPREME COURT IN ASKIN V. STATE, 232 P. 388
(OKLA. 1925). IN THAT CASE THE SUPREME COURT WAS CALLED UPON TO DETERMINE WHETHER A MEMBER OF THE LEGISLATURE WHO RESIGNED PRIOR TO THE EXPIRATION OF HIS TERM WAS ELIGIBLE TO BE APPOINTED TO THE SUPREME COURT. IN HOLDING THAT THE LEGISLATOR WAS INELIGIBLE FOR SUCH APPOINTMENT, THE COURT COMMENTED UPON THE BASIC PRINCIPLES UNDERLYING THE PROVISIONS OF ARTICLE V, SECTION 23. THE COURT STATED:
 "THE ABOVE PROVISION OF THE CONSTITUTION WAS ENACTED TO PREVENT MEMBERS OF THE LEGISLATIVE BRANCH OF GOVERNMENT FROM OCCUPYING A DUAL POSITION, AND TO PROHIBIT MEMBERS OF THE LEGISLATURE FROM DERIVING DIRECTLY OR INDIRECTLY ANY PECUNIARY BENEFIT OF LEGISLATIVE ENACTMENTS OR APPROPRIATIONS MADE BY THEM. 232 P. AT 390."
IN A.G.OPIN. NO. 80-301, ATTORNEY GENERAL CARTWRIGHT STATED THAT AN UNENCUMBERED CONTRACT BETWEEN A STATE AGENCY AND A NEWLY ELECTED LEGISLATOR ENTERED INTO PRIOR TO THE LEGISLATOR'S ELECTION WAS NOT ITSELF VOID. THE OPINION HELD SUCH A CONTRACT WOULD BE VOIDABLE IN THOSE INSTANCES WHERE THE PURCHASE ORDER FOR SPECIFIC ITEMS PRICED UNDER THE UNENCUMBERED CONTRACT WERE FUNDED BY MONIES APPROPRIATED DURING THE LEGISLATOR/VENDOR'S TERM OF OFFICE.
IN STATE EX REL. SETTLES V. BOARD OF EDUCATION INDEPENDENT SCHOOL DISTRICT NO. D-38, 389 P.2D 356 (OKLA. 1964), THE OKLAHOMA SUPREME COURT NOTED THAT ART. V, 23 PROHIBITED LEGISLATORS FROM HAVING A DIRECT OR INDIRECT INTEREST IN CONTRACTS AUTHORIZED BY LEGISLATION, INCLUDING CONTRACTS AUTHORIZED BY PRIOR LAW, IF MADE ENFORCEABLE BY CURRENT APPROPRIATIONS. THE COURT ADDRESSED THE LEGALITY OF A LEGISLATOR HAVING A TEACHING CONTRACT WITH THE SCHOOL DISTRICT RECEIVING APPROPRIATIONS BY VIRTUE OF LAWS ENACTED DURING THE LEGISLATOR' TERM. THE COURT FOUND THAT SCHOOL DISTRICTS ARE PROHIBITED FROM INCURRING INDEBTEDNESS IN N AMOUNT EXCEEDING THE REVENUES IT RECEIVES IN ONE YEAR, THE FUNDS ON HAND ABSENT APPROPRIATION OF STATE MONEY WOULD NOT HAVE BEEN SUFFICIENT TO FUND TEACHER CONTRACTS, AND SCHOOL DISTRICTS ARE NOT LIABLE ON TEACHING CONTRACTS TO THE EXTENT THAT THE CONTRACT WOULD REQUIRE PAYMENT IN EXCESS OF THE CURRENT REVENUES. THE COURT CONCLUDED THAT IT WAS THE APPROPRIATION ACT WHICH MADE THE LEGISLATOR' 6 CONTRACT ENFORCEABLE AND BINDING. THE COURT HELD THAT THE APPROPRIATION BILL, BY MAKING FUNDS AVAILABLE TO PAY THE LEGISLATOR, HAD AUTHORIZED THE LEGISLATOR'S CONTRACT WITHIN THE MEETING OF ARTICLE V, SECTION 23 OF THE OKLAHOMA CONSTITUTION. 389 P.2D AT 360.
IN A.G.OPIN. NO. 82-048 THE ATTORNEY GENERAL RULED THAT A LEGISLATOR COULD NOT BE EMPLOYED BY A SCHOOL DISTRICT AS A TEACHER IF THAT LEGISLATOR IS PAID OUT OF STATE FUNDS, THE APPROPRIATION FOR WHICH WAS VOTED ON DURING THE LEGISLATOR'S TERM OF OFFICE. IN SO RULING, THE ATTORNEY GENERAL RELIED ON THE STATE SUPREME COURT'S DECISION IN SETTLES, WHERE THE COURT'S DECISION TURNED ON A DETERMINATION THAT THE CONTRACT WAS MADE DURING THE TERM FOR WHICH THE PLAINTIFF WAS ELECTED TO A LEGISLATURE.
IN A.G.OPIN. NO. 72-292 THE ATTORNEY GENERAL RULED THAT, IN VIEW OF THE PROVISIONS OF ART. V, 23 OF THE OKLAHOMA CONSTITUTION, IT WOULD BE IMPROPER FOR THE WIFE OF A MEMBER OF THE OKLAHOMA LEGISLATURE TO LEASE PROPERTY TO THE DEPARTMENT OF CORRECTIONS OF THE STATE OF OKLAHOMA. IN SO RULING, HE STATED THAT THERE CAN BE NO QUESTION BUT THAT BECAUSE OF THE RELATIONSHIP THE HUSBAND DOES HAVE SUCH BENEFICIAL INTEREST IN THE WIFE'S PROPERTY AND AFFAIRS AS TO BE INDIRECTLY INTERESTED IN THE CONTRACT TO WHICH SHE IS A PARTY.
APPLYING THESE PRINCIPLES TO THE FACTS OF YOUR CASE, WE CONCLUDE THAT 74 O.S. 4246(E) AND ART. V, 23 DO NOT BAR COMPLETION OF THIS LEASE EXECUTED BY YOU AND NORTHEASTERN UNIVERSITY. HOWEVER, A RENEWAL OF THIS LEASE BETWEEN YOU AND NORTHEASTERN UNIVERSITY WOULD CLEARLY VIOLATE THE PROVISIONS OF 74 O.S. 4246(C) (1990) AND MAY POSSIBLY VIOLATE THE PROVISIONS OF ART. V, 23 OF THE OKLAHOMA CONSTITUTION.
WE MUST NOW ADDRESS WHETHER THESE PRINCIPLES PROHIBIT YOUR GRANDCHILDREN FROM LEASING THIS BUILDING TO NORTHEASTERN UNIVERSITY. IN THE CASE OF WESTINGHOUSE ELECTRIC COOPERATION V. GRDA, 720 P.2D 713 (OKLA. 1986), THE OKLAHOMA SUPREME COURT CLEARLY STATED ITS INTENT TO, IN THE FUTURE, CONSTRUE ETHICAL QUESTIONS REGARDING PUBLIC OFFICIALS VERY LITERALLY. THE COURT STATED:
 "GOVERNMENT OFFICIALS AND EMPLOYEES MUST EXERCISE GREAT CARE TO AVOID EVEN THE APPEARANCE OF IMPROPRIETY IN THEIR DUTIES FOR THEY, LIKE CAESAR'S WIFE, MUST BE ABOVE REPROACH. 720 P.2D 718."
IT IS MY BELIEF THAT A RENEWAL OR NEW LEASE EXECUTED AFTER THE EXPIRATION OF THE CURRENT LEASE, WITH YOUR GRANDCHILDREN LEASING THIS BUILDING TO NORTHEASTERN UNIVERSITY, WOULD NOT CONSTITUTE A TECHNICAL VIOLATION OF THE STATUTES AND CONSTITUTIONAL PROVISIONS DISCUSSED ABOVE. HOWEVER, YOU AND YOUR WIFE WOULD HAVE TO UNEQUIVOCALLY SEVER ALL OF YOUR OWNERSHIP INTEREST IN THIS BUILDING BEFORE YOUR GRANDCHILDREN LEASE THIS BUILDING TO NORTHEASTERN UNIVERSITY.
IN THE FINAL ANALYSIS YOU MUST DECIDE WHETHER IT WOULD APPEAR IMPROPER TO SIMPLY TRANSFER TITLE TO A CLOSE FAMILY RELATIVE AND CONTINUE THE LEASE. IT MAY APPEAR THAT YOUR GRANDCHILDREN ARE RECEIVING STATE FUNDS SIMPLY BECAUSE OF THEIR RELATIONSHIP TO A STATE LEGISLATOR.
IT IS THEREFORE, MY OPINION, BASED ON THE FACTS WHICH YOU HAVE PRESENTED, THAT THE CURRENT LEASE AGREEMENT ENTERED INTO BETWEEN YOU AND NORTHEASTERN UNIVERSITY IS PERMISSIBLE. ANY RENEWAL OF THIS LEASE BY YOU WOULD NOT BE LAWFUL. HOWEVER, ASSUMING YOU AND YOUR WIFE SEVER ALL OF YOUR OWNERSHIP INTERESTS BEFORE ANY LEASE IS EXECUTED BETWEEN YOUR GRANDCHILDREN AND NORTHEASTERN UNIVERSITY, ANY LEASE BETWEEN NORTHEASTERN AND YOUR GRANDCHILDREN WOULD NOT BE INAPPROPRIATE.
(THOMAS C. RIESEN)