Dear Representative Reynolds
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. May a state legislator be employed by a state agency during the legislator's term of office?
 2. May a state legislator be employed by a state agency within two years after the end of the legislator's term of office?
 I. Background
¶ 1 Your questions concern the propriety of an employment relationship between a legislator and a state agency. To analyze the propriety of such a relationship we will set forth (1) Ethics Commission provisions relating to employment of legislators, and (2) constitutional provisions governing employment of legislators, both during their terms and immediately thereafter, and the distinctions.
 II. Employment By A State Agency Of A Legislator Before The End Of The Legislator's Term
¶ 2 We first examine whether the employment of a legislator by a state agency before the end of the legislator's term is prohibited. While several Ethics Commission rules apply to your inquiry, the most relevant Ethics Commission rule, 74 O.S. 2001, ch. 62, app., R. 257:20-1-4(d) provides:
 No legislator or statewide elective officer shall be employed by or receive any commission, fee, or other compensation from the state, except:
 (1) the compensation and allowance for expenses provided by law to such legislator or statewide elective officer;
 (2) compensation from serving in the Oklahoma National Guard or the Oklahoma State Guard; or
 (3) income from government pension or retirement plans.
Id. This Ethics Commission administrative rule expressly prohibits a legislator from being employed by the State as it provides, "No legislator or statewide elective officer shallbe employed by or receive any commission, fee, or othercompensation from the state. . . ." Id. (emphasis added). This rule prohibits a legislator from receiving any compensation from the State, with only three exceptions: (1) compensation and expense allowance provided by law to legislators; (2) compensation from serving in the Oklahoma National Guard or the Oklahoma State Guard; and (3) income from government pension or retirement plans. A legislator may receive compensation and allowance for expenses as provided by law.
¶ 3 The express language of the Ethics Commission rule prohibits the legislator from being employed by the State, without any exception relevant to your inquiry. Based upon the Ethics Commission rule the answer to your first question is, a state legislator may not be employed by a state agency during the legislator's term of office. The language of this Ethics Commission rule is addressed, in part, to state legislators and from a plain reading of this rule there is no intent that it would apply to persons who were once, but no longer are, state legislators.
¶ 4 Besides the Ethics Commission rule, the Oklahoma Constitution makes state legislators ineligible to be appointed to offices, as well as prohibits their being interested in state contracts. This provision of the Oklahoma Constitution, ArticleV, Section 23, provides as follows:
 No member of the Legislature shall, during the term for which he was elected, be appointed or elected to any office or commission in the State, which shall have been created, or the emoluments of which shall have been increased, during his term of office, nor
shall any member receive any appointment from the Governor, the Governor and Senate, or from the Legislature, during the term for which he shall have been elected, nor shall any member, during the term for which he shall have been elected, or within two years thereafter, be interested, directly or indirectly, in any contract with the State, or any county or other subdivision thereof, authorized by law passed during the term for which he shall have been elected.
Id. (emphasis added).
¶ 5 The Ethics Commission's prohibition against a legislator receiving other compensation from the State applies only to current legislators. In contrast, portions of Article V, Section 23 cover situations beyond the term for which a legislator was elected. The first two phrases of Section 23 apply to certain conduct occurring during the legislator's term of office, while the third phrase addresses conduct both during and within two years after a legislator's term of office.
¶ 6 Under the first phrase of Section 23, during the term for which they were elected, legislators cannot be appointed to either a newly-created state office or commission or one for which the emoluments were increased during their term of office. As an example, if the Legislature created a new position in a state agency which had the attributes of an "office," Section 23 would prohibit the legislator from being employed by the agency to fill the new position. Generally, a distinction is made between officers and employees, but as outlined above, the result is the same here.[1] By its express terms, this prohibition would end with the expiration of the legislator's term.
¶ 7 Under the second phrase of Section 23, legislators cannot receive any appointment from the Governor, the Governor and the Senate, or the Legislature, during the term for which they were elected. This section will be discussed in more detail below.
¶ 8 The third phrase of Section 23 is relevant to both your inquiries regarding whether a legislator may be employed by a state agency either during or within two years after the end of the legislator's term of office. The third phrase of Section 23 prohibits a member of the Legislature from being interested, directly or indirectly, in any contract with the State authorized during the term for which he or she was elected, and applies during the term for which the legislator was elected and within two years thereafter. Notably, in 1964 the Oklahoma Supreme Court discussed sources of funding and the relevant constitutional provisions in the context of a legislator who had a contract with a school district as a teacher. This factual situation is similar to that presented by your questions. In State ex rel. Settles v.Board of Education, 389 P.2d 356 (Okla. 1964), the court held that a member of the Legislature could not have a contract to teach with a school district during his term of office when that contract would be funded during the member's term of office.Id. at 360. The court reasoned that the contract between Mr. Settles and the school district was a contract "authorized by law passed during the term" for which Mr. Settles was elected to the Legislature, which would be funded with state aid dollars appropriated to the schools by the Legislature through the State Board of Education. Id.
¶ 9 The court placed great emphasis on the source of funding for the contract and determined that money appropriated to the schools through the use of state aid could not be used to pay Mr. Settles as an employee of the school. Id. at 360-61. Similarly, Section 23 would prohibit a legislator being employed by a state agency, if funds to pay the legislator/employee were appropriated by the Legislature. Id. If the source of funding did not fit one of the listed prohibitions, certain non-appropriated monies might be used to fund the employment of former legislators. As an example, if the Legislature during a legislator's term authorized a contract with a state agency to fund certain activities, a legislator would be prohibited from being interested in that contract. Also, that legislator could not accept employment from that state agency if he or she would be paid from funds appropriated by the Legislature.
¶ 10 Authorization of a contract has been interpreted to include legislative appropriation of funds. As stated in Article V, Section 23, this prohibition runs during the term for which the legislator was elected and for two years thereafter. Seeid. Resignation by a legislator would not affect the length of the prohibition for this section, since the prohibition is tied to the term for which the legislator was elected and would run accordingly.
¶ 11 The Oklahoma Supreme Court in Baskin v. State ex rel.Short, 232 P. 388 (Okla. 1925), interpreted Article V, Section 23, and discussed the duration of its prohibitions. See id.Baskin recognized that the prohibitions under the second phrase of Section 23 ended upon the expiration of the legislator's term.Id. at 388 (syllabus). Baskin involved a member of the Oklahoma Legislature who resigned his seat and received an appointment as a district judge to fill a vacancy. Id. at 389. The court found Baskin was not eligible at the time of his appointment as a judge, since his term as legislator had not expired. Id. at 388 (syllabus). Thus, the prohibition was for the term for which the legislator was elected and did not cease upon his resignation from the Legislature. Baskin held that under Article V, Section 23 of the Oklahoma Constitution, the inability of a "member of the Legislature to hold office by virtue of appointment from the Governor [did] not cease until the expiration of the full period of time for which he was elected."Id.
¶ 12 Thus, in Baskin, the resignation of the legislator did not remove the prohibition, but once the term had expired, the legislator was no longer prohibited by Article V, Section 23 from receiving the appointment. Id. at 390. Though Baskin did not examine the other two phrases of Section 23 dealing with being interested in a contact with State, the purposes of the prohibitions contained in Article V, Section 23 were discussed thoroughly in the case and are relevant to your inquiries.
¶ 13 The court said of Article V, Section 23 that, "The constitutional provisions were enacted for the protection and safety of our government." Id. at 389. Additionally, the court stated the provision was intended to prohibit legislators from receiving improper pecuniary benefits, as follows:
 The above provision of the Constitution was enacted to prevent the members of the legislative branch of the government from occupying a dual position and to prohibit members of the Legislature from deriving directly or indirectly any pecuniary benefit of legislative enactments or appropriations made by them. The members of the Legislature are the sole judges, subject to a veto of the Governor, of the amount to be appropriated each year to carry into effect the executive and judicial departments. This act was to prevent and prohibit members of the Legislature, after making appropriations for other departments, and after the adjournment of the Legislature, from accepting employment from that branch of the government, and receiving a pecuniary benefit from the money they appropriated.
Id. at 390.
¶ 14 Thus, under the provisions of Article V, Section 23 of the Oklahoma Constitution, during the term for which he or she was elected a state legislator cannot be employed by the State in any office of the State which was created, or the emoluments of which were increased, during his or her term of office. Under the same provision, a state legislator cannot be employed by the State during the term of office for which he or she was elected (or for two years after the end of the term for which he or she was elected), when the source of funds for his or her salary was authorized by law or appropriated by the Oklahoma Legislature during the legislator's term of office.
 III. No Distinction Between Contracting With And Being Employed By A State Agency
¶ 15 Your second inquiry is specifically addressed to a situation where the legislator might be employed by a state agency after the end of his or her term of office. Although Article V, Section 23 discusses being "interested, directly or indirectly, in any contract with the State," the Oklahoma Supreme Court in Baskin refused to draw a distinction between contracting with a legislator and employing a legislator, and the prohibition outlined by Article V, Section 23 applied to both situations. See Baskin, 232 P. at 388. The court addressed the issue of whether an employment relationship is the type of legal relationship sought to be avoided by the provisions of Article V, Section 23 and concluded, "Certainly it was never intended that the appropriations should be made in a manner that would permit a member of the Legislature to vote for an appropriation, and then for that department to employ him and permit him to receive the benefits of the appropriation made by himself." Id. at 390.
 IV. Employment By A State Agency Of A Legislator After The End Of The Legislator's Term
¶ 16 You next ask whether a legislator might be employed by a state agency during the two years after the term for which the legislator was elected. We have already determined that under Article V, Section 23, a state legislator cannot be employed by the State during the term of office for which he or she was elected, when the source of funds for his or her salary was authorized by law or appropriated by the Oklahoma Legislature during the legislator's term of office. Your second question, examined in light of the third phrase of Article V, Section 23, should be answered similarly. The language that discusses legislators being prohibited from having a direct or indirect interest in any contract with the State during their term also prohibits the same conduct within two years of the expiration of their term of office, as it applies to an employment relationship with a state agency.
¶ 17 As discussed above, the prohibitions contained in the first two phrases of Article V, Section 23, for persons elected or appointed to offices or commissions of the State, run only for the duration of the elected legislator's term. However, the prohibition against contractual relationships under the third phrase of Article V, Section 23, does not expire at the end of the legislator's term. The third phrase of Section 23 provides:
 [N]or shall any member, during the term for which he shall have been elected, or within two years thereafter, be interested, directly or indirectly, in any contract with the State, or any county or other subdivision thereof, authorized by law passed during the term for which he shall have been elected.
Id. (emphasis added).
¶ 18 Using the reasoning of Baskin, under Article V, Section23 of the Oklahoma Constitution, not only is a present member of the Oklahoma Legislature prohibited from being interested in a contract with the State, if that contract is authorized or to be paid with money appropriated by the Oklahoma Legislature during the member's term, but he or she is also prohibited from being employed by the State. Further, under the same analysis, the prohibition lasts for two years from the end of the term for which he or she is elected, if the contract is authorized or to be paid with money appropriated by the Oklahoma Legislature during the member's term.[2] The prohibition against employment by a state agency (or contracting with a state agency) does not end when the legislator leaves office, but instead continues until two years after the term for which the legislator was elected has expired. Applying Baskin, a state legislator may not be employed by a state agency within two years after the end of the legislator's term of office, when the source of funds would be money appropriated by the Oklahoma Legislature during the member's term.[3]
 ¶ 19 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A state legislator may not be employed by the State during his or her term of office pursuant to the Oklahoma Ethics Commission Rules, 74 O.S. 2001, ch. 62, app., R. 257:20-1-4(d).
 2. Under Article V, Section 23, of the Oklahoma Constitution, a state legislator cannot be employed, during the term of office for which he or she was elected, by the State in any office of the state which was created, or the emoluments of which were increased, during his or her term of office.
 3. Under Article V, Section 23, of the Oklahoma Constitution, a state legislator cannot be employed by the State during the term of office for which he or she was elected, or for two years after the end of the term for which he or she was elected, when the source of funds for his or her salary is authorized by law or appropriated by the Oklahoma Legislature during the legislator's term of office.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 GLEN D. HAMMONDS Assistant Attorney General
[1] For purposes of our analysis, the term "officer "is defined as follow:
 The duties of an officer are fixed by law, and an employment arising out of a contract, whereby the person employed acts under the direction or control of others, and which employment depends for its duration and extent upon the terms of such contract, is not an office.
Farley v. Bd. of Educ., 162 P. 797, 799 (Okla. 1917).
[2] Several Opinions of the Attorney General have found contracts with legislators did not violate Article V, Section 23 when the source of funding was solely from non-state appropriated monies. See A.G. Opins. 74-166, 72-288, 71-233.
[3] Another section of the Oklahoma Constitution raises similar concerns. Article X, Section 11 of the Oklahoma Constitution prohibits an officer, such as a state legislator, from receiving an interest or profit from public funds for state purposes, and states:
 The receiving, directly or indirectly, by any officer of the State, or of any county, city, or town, or member or officer of the Legislature, of any interest, profit, or perquisites, arising from the use or loan of public funds in his hands, or moneys to be raised through his agency for State, city, town, district, or county purposes
shall be a deemed a felony. Said offense shall be punished as may be prescribed by law, a part of which punishment shall be disqualification to hold office.
Id. (emphasis added).
Section 11 deals with a legislator benefitting from the use of public funds. Though Article X, Section 11 of the Oklahoma Constitution should be strictly construed, as a criminal law deeming conduct a felony, it does prohibit a legislator from receiving any interest, profit, or perquisite, arising from the use of public funds. Although Section 11 does not appear to be directed at exactly the type of conduct described in your inquiries, it could be argued that accepting employment and being paid from public funds would amount to a "profit" received by that legislator employed by the state agency.